## NYANZA STEAMSHIP COMPANY, LTD. *v.* JAHNCKE DRY DOCK No. 1, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 307. Argued March 6, 1924.—Decided April 7, 1924.

The rule confining the jurisdiction of this Court by appeal to final judgments completely disposing of litigation, applies to jurisdictional appeals, under Jud. Code, § 238, in admiralty cases. P. 440.

Appeal dismissed.

APPEAL from a decree of the District Court dismissing, for want of admiralty jurisdiction, three of four causes of action contained in a single libel.

*Mr. Richard B. Montgomery* for appellant.

*Mr. Walter Carroll,* with whom *Mr. Geo. H. Terriberry* was on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The owners of the Steamship Nyanza filed, in the Federal Court for Eastern Louisiana, against Jahncke Drydock No. 1 and the owners thereof a single libel setting forth these four causes of action: *in rem* for salvage, *in personam* for salvage, *in rem* for damage from collision, and *in personam* for such damage. The owners appeared as claimants. Excepting to the libel, they prayed that " in so far as the action is either *in rem* or *in personam* for salvage, and *in rem* for damage " it be dismissed for want of admiralty jurisdiction. The court maintained the exception; entered a decree of dismissal precisely as prayed for; and allowed an appeal under § 238 of the Judicial

Code, with a certificate that "in this decree the question of jurisdiction alone is in issue."

The decree leaves the cause of action *in personam* for damage undisposed of. For this reason the appeal must be dismissed for want of jurisdiction in this Court, although the objection was not taken by the appellee. This Court has jurisdiction under § 238, as under others, only of writs of error or appeals from final judgments. And the judgment must be not only in its nature final, but a complete disposition of the cause. *Collins* v. *Miller*, 252 U. S. 364, 370. This rule is applicable to appeals in admiralty. *Bowker* v. *United States*, 186 U. S. 135; *Oneida Navigation Corporation* v. *W. & S. Job & Co., Inc.*, 252 U. S. 521. There is nothing to the contrary in *Withenbury* v. *United States*, 5 Wall. 819, or in *The Pesaro*, 255 U. S. 216, 217. Counsel suggested that the dismissal of this premature appeal might somehow release the drydock, to libelant's prejudice. It obviously cannot have that effect.

*Dismissed.*