BALBOA SHIPPING CO., Inc., v. STANDARD FRUIT & STEAMSHIP CO. et al.

No. 169, Docket 21563.

United States Court of Appeals
Second Circuit

Argued March 6, 1950.

Decided April 3, 1950.

Burlingham, Veeder, Clark & Hupper, New York City, Eugene Underwood, New York City, Hervey C. Allen, Jr., of New York City, for appellant.

Bigham, Englar, Jones & Houston, New York City, for appellees.

H. G. Morison, Asst. Atty. Gen., Irving H. Saypol, U. S. Atty., New York City, Alfred T. Cluff, Trial Attorney, Department of Justice, for the United States.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

Balboa filed its libel against Standard Fruit and Steamship Company and Standard Navigation Company as owner and operator respectively of the Gatun, whose faulty navigation was alleged to have caused the stranding of libellant's vessel Maravi. Both ships were merchant vessels in a convoy. Within two years of the stranding, an amended libel in personam brought in the United States alleging that it was a bareboat charterer of the Gatun. In 1949, on the basis of newly discovered facts, libellant sought leave to file another amended libel, charging that the stranding of the Maravi was caused not only by the negligence of the Gatun but also by the negligence of "the Roanoke and the escort vessels and respondent's servants in charge of them." The Roanoke and the escort vessels were public vessels of the United States, the Roanoke being the flagship of the convoy in which the Maravi and the Gatun sailed. The district court denied leave to file the proposed amendment on the ground that neither the Suits in Admiralty Act, 46 U.S.C.A. § 742 nor the Public Vessels Act, 46 U.S.C.A. § 781, authorizes suit against the United States without reference to a specific vessel. From this, the court concluded that the amendment, which sought to allege the negligence of vessels other than the Gatun, stated a new claim, barred by the two year statute of limitations, 46 U.S.C.A. §§ 745, 782. This appeal followed.

■ Although the advocate for the United States would welcome a decision on the merits of the order on appeal, he has very properly questioned our appellate jurisdiction. We think it clear that the order is not "final" within the intendment of 28 U.S.C.A. § 1291. For an order to be appealable under this section it "must be, not only in its nature final, but a complete disposition of the cause." Nyanza Co. v. Jahncke Dry Dock, 264 U.S. 439, 440, 44 S.Ct. 355, 68 L.Ed. 777. In that case there were four causes of action: one in rem and one in personam for collision damage and one in rem and one in personam for salvage. All claims except the one in personam for collision damage were dismissed for want of admiralty jurisdiction. The Supreme Court, through Brandeis, J., held the order of dismissal non-appealable. A claim for salvage would appear to be more distinct from a claim for collision than are the two claims involved in the case at bar. The test applied in the Nyanza case leaves no doubt as to the result required here. Denial of leave to file the amended libel is not "a complete disposition of the cause." If libellant should recover its damages against the United States on account of the Gatun's negligence, the question of the Roanoke's negligence—and the propriety of rejecting the proffered amendment—will be rendered moot. It is true that if decision on the merits goes against libellant and if on appeal the district court's order with respect to the amended libel should be reversed, much time and money will have been futilely expended. But in the absence of statutory relaxation of the present rules on appealability, that practical consideration cannot alter the inevitable conclusion here.

■ Nor can appellate jurisdiction be rested on 28 U.S.C.A. § 1292(3), permitting appeals from interlocutory decrees "determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." See Schoenamsgruber v. Hamburg Line, 294 U. S. 454, 457-458, 55 S.Ct. 475, 79 L.Ed. 989; The Maria, 2 Cir., 67 F.2d 571. The rights of the parties in so far as they relate to alleged negligence on the part of the Roanoke and the escort vessels have been "determined" only on the hypothesis that

the ruling below was correct. To adopt that hypothesis would beg the question on which appellate jurisdiction depends. Indeed, the appellant has made no contention that the order is appealable under § 1292.

Appeal dismissed.