## HOWARD TERMINAL
v.
### UNITED STATES of America and Federal Maritime Board.
No. 15258.

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1956.

McCutchen, Thomas, Matthew, Griffiths & Greene, Allan P. Matthew, Gerald H. Trautman, William W. Schwarzer, San Francisco, Cal., for petitioner.

Edward D. Ransom, Gen. Coun., Fed. Maritime Bd., Edward Aptkaer, Chief Reg. Branch, Fed. Maritime Bd., Daniel M. Friedman, Attorney, Dept. of Justice, Washington, D. C., for respondents U. S. A., & Fed. Maritime Bd.

Pillsbury, Madison & Sutro, Eugene D. Bennett, San Francisco, Cal., for Encinal Terminals.

Lillick, Geary, Wheat, Adams & Charles, Harry L. Haehl, Jr., San Francisco, Cal., for Matcinal Corp.

Brobeck, Phleger & Harrison, Alvin J. Rockwell, John M. Naff, Jr., San Francisco, Cal., for the Matson Navigation Co., and Matson Terminals, Inc.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

POPE, Circuit Judge.

Howard Terminal, petitioner here, filed a complaint before the Federal Maritime Board, in a matter entitled Howard Terminal v. Matson Navigation Company, and given the Board's docket number 796. The general purpose of the complaint was to attack and set aside agreements respecting the use of port terminal facilities made between Matson Navigation Company and the operators of certain port terminals, who are now intervenors here. It has been summarized by the parties here as alleging: "(1) That interveners had failed to disclose the complete agreements between them as required by § 15 of the Act [46 U.S.C.A. § 814]; (2) that the Board had approved an agreement designated Agreement No. 8063 and had dismissed

the complaint filed in Docket No. 788 alleging violations of the Act, without the hearing required by Section 23 of the Act [46 U.S.C.A. § 822]; (3) that the proposed arrangements between the interveners would result in deferred rebates, undue and unreasonable preferences and advantages and unjust and unreasonable practices in violation of Sections 14, 16 and 17 of the Act [46 U.S. C.A. §§ 813, 815, 816]; and (4) that the proposed arrangements would operate to the detriment of the commerce of the United States in that they would tend toward a monopoly and would substantially lessen competition in the operation of the terminal and other related businesses in the San Francisco Bay area."

On July 30, 1956, the Board made an order upon a motion to dismiss that complaint in which the Board recited that the motion was granted "as to all allegations except the allegation under section 15 of the Shipping Act, 1916, as amended, to the effect that respondents are operating under an agreement which has not been filed for approval under said section. * * *" Howard Terminal then filed its petition in this court under the provisions of the so-called Hobbs Act, Title 5 U.S.C.A. §§ 1031 to 1042, seeking a review of the Board's order mentioned. The United States and the Board were named as respondents in the petition for review and Matson Navigation Company, Encinal Terminals, Matson Terminals, Inc., and Matcinal Corporation, were permitted to intervene in the proceeding here. The interveners have moved to dismiss the petition on the ground that the order of the Board is not a final order within the meaning of the Act, and that it is not otherwise reviewable by this Court.

Our jurisdiction to review orders of the Federal Maritime Board is limited to "final orders" of that board. Title 5 U.S.C.A. § 1032. What constitutes final-

ity of such an order is not otherwise defined, but we think it may be fairly assumed that in using the word "final" in this context, Congress intended to import to this section the same concepts which have been applied in determining the meaning of the words "final decisions of the district courts" as used in Title 28 U.S.C.A. § 1291 defining our jurisdiction of appeals from those courts.

In dealing with decisions of the district courts in cases involving multiple claims or grounds or causes of action in which the court disposes of some claims and reserves action upon others, it has long been the rule that the judgment to be appealable "should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved." Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616.[1]

Here, as we have indicated, the complaint before the Board sought relief on several different grounds. In dismissing the complaint as to several of the grounds stated but reserving action upon one of the stated reasons for relief, the Board has taken action here comparable to the action of a district court which in a suit between a single plaintiff and a single defendant dismisses part of plaintiff's causes of action but reserves for further hearing one or more claims or causes of action. We think that the circumstances here require the application of a rule which parallels that stated in Collins v. Miller, supra, and that we cannot regard the Board's order as final within the meaning of § 1032, Title 5.

As noted in the Collins case, it has been recognized by the Supreme Court that there are exceptional cases where decrees of court finally disposing of property, which decrees were subject to immediate execution, were held to be appealable although the court reserved jurisdiction of the case for the purpose of

---

1. The rule, as generally applicable to appeals from district courts prior to Rule 54(b), Fed.Rules Civ.Proc. 28 U.S.C.A., is stated in footnote 3 of Sears Roebuck & Co. v. Mackey, 351 U.S. 427, at page 432, 76 S.Ct. 895, at page 897. Of course no rule comparable to Rule 54(b) is applicable to the orders of Federal Maritime Board.

settling certain accounts pursuant to the decree. Such was the case of Forgay v. Conrad, 6 How. 201, 12 L.Ed. 404. This and other decisions following it were reviewed at length in Radio Station WOW v. Johnson, 326 U.S. 120, 125, note 2, 65 S.Ct. 1475, 1479, 89 L.Ed. 2092, where the court observed "All of these cases rely on the fact that there had been a conclusive adjudication of the rights and liabilities of the parties with immediate delivery of possession of the subject matter of the suit".

But no comparable situation exists here, for while the Board retains jurisdiction of the undismissed portion of the complaint for further action, there is no prospect of any immediate implementation or carrying out of the agreements against which the petitioner's complaint is directed. It cannot be said that the order of the Board has yet brought about consequences which will have an immediate impact upon the petitioner. Cf. Garden City Floral v. United States, D.C., 143 F.Supp. 609, 611.[2] For this reason we think the present case differs from that of Isbrandtsen Co. v. United States, 93 U.S.App.D.C. 293, 211 F.2d 51, 56, which is the only case called to our attention dealing with the question of what constitutes a final order under § 1032 of Title 5. In that case the Board made an order which permitted a proposed dual rate system to go into effect within 48 hours, although it did provide that it would grant a hearing on certain protests relating to the system at a later date. Holding that the order was immediately reviewable that court said: "By denying Isbrandtsen's request to postpone operation of the dual rate system and to grant an immediate hearing, the Board virtually removed Isbrandtsen from the shipping market involved. Whether this removal was temporary or permanent, Isbrandtsen would inevitably suffer 'real, immediate and incalculable' harm."

It thus appears that the Isbrandtsen case involves the aspect of an order which has immediate effect with possible irreparable injury to a party which was the reason for the rule in the Forgay-Conrad case, supra. In contrast here, we think the facts do not call for a rule analogous to the exceptional rule applied in that case, but rather that we are dealing with a situation like that presented in Collins v. Miller, supra.

There is a further reason why we think the action of the Board lacks finality. It is altogether possible that petitioner may obtain favorable action upon the portion of its complaint which is still pending before the Board and upon which we are informed hearings have actually been held. It is impossible at this time to predict the measure of relief the petitioner will obtain should the Board decide in its favor. It could well be that the relief thus granted will meet all of petitioner's needs. This suggests the applicability of the reasoning applied by the court in Republic Natural Gas Co. v. State of Oklahoma, 334 U.S. 62, 71, 68 S.Ct. 972, 978, 92 L.Ed. 1212, where in holding a certain judgment not final, the court said: "An adequate award in an eminent domain case or a profitable rate in the case before us might well satisfy the losing party to acquiesce in the disposition of the earlier issue." Until petitioner has exhausted the presently pending proceedings before the Board, it is impossible to say that it will not be satisfied by the Board's action.

We hold that the order sought to be reviewed is not final within the meaning of the statute, and the petition is dismissed.

---

2. We were told by counsel during oral argument here that the previous action of the Board in approving the contracts referred to in petitioner's complaint before the Board is presently under review in the Court of Appeals for the District of Columbia.