John L. ROGERS et al., Appellants,

v.

ALASKA STEAMSHIP COMPANY et al.,
Appellees.

No. 15556.

United States Court of Appeals
Ninth Circuit.

Oct. 29, 1957.

McMurray, Brotsky, Walker, Bancroft & Tepper, Allan Brotsky, San Francisco, Cal., for appellants.

Peter N. Teige, George D. Wick, Jr., Brobeck, Phleger & Harrison, Alvin, J. Rockwell, Richard Ernst, Richard G. Logan, Wallace, Garrison, Norton & Ray, Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for appellee.

Before ORR, LEMMON, and FEE, Circuit Judges.

LEMMON, Circuit Judge.

Salutary though it be, the rule that generally only final judgments are appealable in Federal courts is frequently overlooked by even experienced counsel.

It is salutary, because it protects the courts and the parties themselves from the delays, inconveniences, and frustrations incidental to piecemeal appeals.

It is overlooked, because counsel, impatient to get into a higher court, often prematurely seek appellate review.

The temptation to seek such review seems to be especially strong in the prosecution of class suits.

Such, at least, appears to have been the situation in the instant case.

### 1. Statement of the Case

For a period of more than three years ending in October, 1955, the steward's department employees of more than thirty steamship companies on the West Coast worked in accordance with the terms of a Consent Decree of this Court, filed on June 19, 1952. The instant case is a sequel to that decree.

In the libel filed in the District Court, about 400 seamen sought to recover the difference between the compensation paid them while they worked during the period of the Consent Decree, and "the reasonable value of their services". The appellants complain that they were not being "paid the equivalent of the raises received by employees in other comparable work categories" who were not paid under the Consent Decree. In the present posture of the case, however, the details of the libelant's grievances are not relevant.

Four of the seamen-claimants became the named libelants in the instant suit. They were authorized by the remaining hundreds to represent them, in their individual claims for specific amounts of wages due each. All of the companies were joined as respondents, thirty-three in number.

The libel contained four counts, which may be briefly summarized as follows:

Count One prayed for the wages due the respective seamen on a *quantum meruit* theory.

Count Two sought recovery of the same amounts because of the appellees' "unjust enrichment".

Count Three and Count Four dealt with the contributions alleged to be owed by the appellee companies not to the seamen individually but to welfare and pension trust funds. The libelants set out these latter two counts "for and in behalf of themselves and for and in behalf of the approximately 4,000 other seamen similarly situated" during the crucial period already mentioned. More specifically—

Count Three based its class demands upon the *quantum meruit* theory.

Count Four was bottomed upon "unjust enrichment".

■ Numerous "exceptions and exceptive allegations" were filed by the appellees. We need consider only those that were sustained by the District Judge, since the appellees have filed no cross-appeal.

On November 16, 1956, the District Judge made an order denying the motion to dismiss the first two counts, and granting the motion to dismiss the third and fourth counts. In that order, the Court said:

"The causes of action of each of the four named libelants shall be completely severed, both as among themselves and as to each of the respondents against whom they have a claim, with the exception that any two or more of the four named libelants may join their claims against one respondent if they served together on the same voyage or voyages. Any one of the four named libelants may sue on behalf of any one of the four hundred whom they seek to represent if those represented seamen served on the same voyage or voyages with them."

Regarding Counts Three and Four, the Court ruled:

"We have been shown no authority which authorizes a class suit as is attempted in the third and fourth counts of this libel. * * * The exception as to the class action should be sustained and the motion to dismiss should be granted as to the third and fourth counts."

■ Ruling further with respect to Counts One and Two, the District Judge, after repeating his previous order of dismissal as to Counts Three and Four, on February 12, 1957, held as follows:

"* * * the exceptions of said respondents (appellees), with respect to Counts One and Two of the

libel herein to the misjoinder of libelants, respondents and causes of action, be and the same are hereby sustained; *that the libelants shall have sixty (60) days to file amended pleadings in which the causes of action of each of the four named libelants shall be completely severed, both as among themselves and as to each of the respondents against whom they have a claim,* with the exception that any two or more of the four named libelants may join their claims against one respondent with respect to one or more voyages on which they served together and any one of the four named libelants may sue with respect to one or more voyages on behalf of himself and those with whom said libelant sailed on the same voyage or voyages and whom said libelant has written authority to present (sic) in this action, but not otherwise."

Notice of appeal from this order of February 12, 1957, was filed by the appellants on February 27, 1957.

In June and July, 1957, several of the appellees filed notices that on July 8, 1957, they would move this Court to dismiss the appeal. On the latter date, time for the filing of briefs was granted to July 18, 1957, on which date the cause stood submitted.

It is the motion to dismiss the appeal that we are now considering.

2. *The Appellants Themselves Point Out That the Rulings of the District Court Went to the "Form" and Not to the "Merits" of the Appellants' Claims.*

*In limine,* it should be noticed that the appellants themselves concede that the problem now before us is one of form and not of substance. At the very outset of their memorandum filed in this Court, they state:

"It is the form of (the appellants') pleadings, and not the merits of their claims, which occasioned the rulings of the District Judge which are the subject of the present appeal."

Perhaps sensing the dangerous impact of such a concession, the brief-writer hastens to add:

"As is so often the case with procedure, the forms by which the seamen-claimants here asserted their claims went to the nub of their ability effectively ever to do so."

While we do not desire to decide this case upon the unguarded concession of one of the parties, we do believe that the first statement quoted above should be considered by us, *inter alia,* as one that can "set down the pegs that make this music".

3. *As to Counts One and Two, the Order is Palpably and Demonstrably Not Final and Therefore Non-Appealable.*

In discussing the effect of the Court's order as to Counts One and Two, the appellants concede "that the District Court did not expressly dismiss the parties and causes", but they add:

"Where the effect of a court's order is to dismiss a cause, no express dismissal is necessary to make the order appealable."

As we have seen, the District Court not only did *not* "dismiss the cause", either "expressly" or in "effect", but was careful to leave the gate not merely ajar, but wide open! In fact the District Judge did everything short of actually pushing the appellants through the yawning portal when, as we have also noted, he meticulously *instructed* them how to take their second bite at the forensic cherry.

In Collins v. Miller, 1920, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616, erroneously cited by counsel for the appellee Coastwise Line as appearing in *253* U.S., the Court said:

"A case may not be brought here by appeal or writ of error in fragments. To be appealable the judgment must be, not only final, but complete. (Many cases cited.) And the rule requires that the judgment to be appealable should be final not only as to all the parties, but as to

the whole subject-matter and as to *all* the causes of action involved. (Cases cited.)" (Emphasis supplied.)

The teaching of Collins was followed by this Court as recently as December 19, 1956, when, in Howard Terminal v. United States, 9 Cir., 1956, 239 F.2d 336, 337, we said:

"In dealing with decisions of the district courts in cases involving multiple claims or grounds or causes of action in which the court disposes of some claims and reserves action upon others, it has long been the rule that the judgment to be appealable 'should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved.' (Quoting Collins v. Miller, supra.)"

4. *That Part of the Court's Order Dismissing Counts Three and Four, Since It, Too, Goes to the FORM and Not to the Merits Of the Basic Controversy, Is Not Appealable.*

The District Judge, as we have seen, dismissed Counts Three and Four, not on the merits, *but on the "class suit"* form to which the appellants had resorted. The Court merely said that he could find nothing in the books "which authorizes a class suit," etc.

Here again the District Judge did not close the forensic door in the faces of the seamen. In the order of November 16, 1956, in considering "the question of whether one or more seamen may sue on behalf of other seamen similarly situated," the Court, after citing numerous decisions, observed:

"These cases require that the .ibeling seaman have written authorization from those whom he seeks to represent. Such authorization is present in this case (as to Counts One and Two). Therefore, the four named libelants may sue on behalf of those from whom they have authority to do so, if the named libelant and those from whom he has *such written authority* sailed on the same voyage or voyages together." (Emphasis supplied.)

■ In their contention that this Court has jurisdiction of their appeal in so far as it relates to Counts Three and Four, the appellants rely upon 28 U.S. C.A. § 1292(3), which reads as follows:

"§ *1292. Interlocutory decisions*

"The courts of appeal shall have jurisdiction of appeals from:

\*　　\*　　\*　　\*　　\*

"(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."

The "rights and liabilities" referred to in the above subsection are *substantive* in nature—not adjective, tactical, or procedural. This was recently emphasized by Judge Medina in the case of In re Wills Lines, 2 Cir., 1955, 227 F.2d 509, 510, certiorari denied Tankport Terminals v. Wills Lines, 1956, 351 U.S. 917, 76 S.Ct. 709, 100 L.Ed. 1450:

"When, by amendment in 1926, certain interlocutory appeals were permitted in admiralty cases, it was not contemplated that the dockets of appellate courts in the federal system should be burdened with all the odds and ends of interlocutory orders, most or all of which would in any event be reviewable on an appeal by an aggrieved party from a final decree. It has been repeatedly held, in this Circuit and elsewhere, that interlocutory decrees 'determining the rights and liabilities of the parties to admiralty cases' means deciding 'the merits of the controversies between them'. (Many cases cited.)"

In All American Airways v. Elderd, 2 Cir., 1954, 209 F.2d 247, 248, 249, the Court observed that "There is perhaps something anomalous in apparent legal participation in a lawsuit by persons unnamed and unidentified as individuals who, unless they show themselves by intervening, remain legally unaffected by

any action taken in the case." We share that Court's apparent disinclination to encourage such a type of action, and we most certainly agree with its concrete holding:

"In any event the non-appealability of the order (dismissing certain counterclaims as to so-called "related [but unnamed] defendants") in this type of class action is apparent."

5. *There Is No Merit to the Appellant's Cry of "Congestion".*

 We need not spend much time upon the appellants' plea that the District Court's ruling as to Counts One and Two "has required the filing of thousands of separate libels," etc., and that "this Court should consider the clogging of the admiralty docket," etc. Certainly at this stage of the proceedings, we are not called upon to rule upon objections of that kind. When the case comes to us on final appeal, we may wish to consider that phase of the matter, but not now, by what the appellee properly terms "an extraordinary interference by this Court in the District Court's discretion in fixing the details of its procedures by rulings as to form of pleadings."

The appellants ask that, if the order appealed from is considered non-appealable, "this Court should treat the appeal as a petition for writ of mandate, and hear the matter on the merits". We do not believe that the situation here presented calls for the granting of any such peremptory writ. As was said in Balboa Shipping Co. v. Standard Fruit & Steamship Co., 2 Cir., 1950, 181 F.2d 109, 110:

"It is true that if decision on the merits goes against libellant and if on appeal the district court's order with respect to the amended libel should be reversed, much time and money will have been futilely expended. But in the absence of statutory relaxation of the present rules on appealability, that practical consideration cannot alter the inevitable conclusion here."

With that view we unreservedly agree.

We also consider apposite the following observation in an article appearing in the Stanford Law Review of December, 1953:

"The class suit is dangerous, however, for the very reason that it is useful—it deprives potential litigants of their day in court. Holding a 'class' of persons bound by a proceeding in which only a few need be made parties can effect sweeping economies of litigation. But it can also mean a drastic invasion of the rights of those affected, particularly where they are without notice or opportunity to intervene."[1]

6. *Conclusion*

Accordingly, since the order of February 27, 1957, from which the present appeal has been taken, was not a final judgment, the appeal is hereby dismissed.

---

1. "Class Actions and Interpleader: California Procedure and the Federal Rules," Volume 6, Number 1, Page 120.