**NATIONAL MACHINERY COMPANY,**
**Plaintiff-Appellee,**

v.

**WATERBURY FARREL FOUNDRY AND MACHINE COMPANY and Textron, Inc., Defendants-Appellants.**

**No. 367, Docket 26819.**

United States Court of Appeals
Second Circuit.

Argued May 3, 1961.

Decided May 22, 1961.

Willis H. Taylor, Jr., New York City (John C. Oram, Jr., and Pennie, Edmonds, Morton, Barrows & Taylor, New York City, on the brief), for defendants-appellants.

H. F. McNenny, Cleveland, Ohio (Richey, McNenny & Farrington, Cleveland, Ohio; Wiggin & Dana, New Haven, Conn., and F. E. Callahan, New Haven, Conn., on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge and MOORE, Circuit Judge, and STEEL, District Judge.*

PER CURIAM.

The defendant in this patent suit appeals from an order of the district court denying leave for it to amend its answer so as to assert permissive counterclaims arising out of two patents similar to those on which the plaintiff brought suit. The defendants' motion was made more than two years after the answer was filed. It was denied by the district judge who said, "The tardy injection of these new issues by the defendant will set off a new string of discovery and disclosure which will undoubtedly delay this case many more months; the plaintiff will be unfairly prejudiced in getting its case tried."

This order certainly did not amount to a final decision so as to be appealable under 28 U.S.C. § 1291. E. g., Balboa Shipping Co. v. Standard Fruit & Steamship Co., 2 Cir., 1950, 181 F.2d 109; see Parr v. United States, 1956, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377. Nor was it a "final judgment upon one or more * * * claims" so as to authorize an immediate appeal upon certification by the district judge under Federal Rule of Civil Procedure 54(b), 28 U.S.C., and decisions following Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311. By refusing to permit the defendant to assert the claims in this suit, the court did not decide or reflect upon the merits. It merely forced the defendant to institute new proceedings in the same or in another forum where the plaintiff could be served. Cf. Thompson v. Broadfoot, 2 Cir., 1948, 165 F.2d 744 [denial of motion for permissive intervention held non-appealable].

It being undisputed that the amended counterclaims would have demanded injunctive relief, the appellant contends that in denying leave to amend the district judge was refusing an injunction and that his action is reviewable immediately under 28 U.S.C. § 1292(a) (1). There is support in the Seventh and Ninth Circuits for this position. Switzer Bros. v. Locklin, 7 Cir., 1953, 207 F.2d 483, certiorari denied 1954, 347 U.S. 912, 74 S.Ct. 477, 98 L.Ed. 1069; In-A-Floor-Safe Co. v. Diebold Safe & Lock Co., 9 Cir., 1937, 91 F.2d 341; Hancock Oil Co. v. Universal Oil Products Co., 9 Cir., 1940, 115 F.2d 45.

We hold, however, that a district court's denial of leave to assert a permissive counterclaim is not appealable under 28 U.S.C. § 1292(a) (1) although the counterclaim seeks injunctive relief. In relegating the defendant to a separate suit the court is not denying an injunction because the claim has no merit, because the court has no jurisdiction to grant the relief (compare General Electric Co. v. Marvel Rare Metals Co., 1932, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408), or even because the court feels that injunctive relief is not warranted at some particular point in the proceedings (compare Telechron, Inc. v. Parissi, 2 Cir., 1952, 197 F.2d 757; United States v. New York, N. H. & H. R. R. Co., 2 Cir., 1959, 1960, 276 F.2d 525, 545–546, 553–556). The district court's order in this case turned on the wisdom of consolidating certain claims for trial in the federal courts; it did not hinge on the desirability of granting or on the power to direct equitable relief. It was, therefore, not the kind of refusal of an injunction which permits interlocutory review by the Court of Appeals under 28 U.S.C. § 1292(a) (1).

The appeal is dismissed.

* Sitting by designation.