NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD BARRY BARNES, | No. 21-16120 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00002-ACK-WRP |
| v. | |
| KRIS HENRY; ALOHA OCEAN EXCURSIONS LLC, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SEA HAWAII RAFTING, LLC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted February 16, 2022**
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chad Barnes was injured when the vessel he was working on exploded. Barnes has litigated various claims in admiralty against his employer at the time of the injury, Sea Hawaii Rafting, LLC ("SHR"), and SHR's sole member and owner, Kris Henry. This appeal concerns three sanctions that the district court ordered after finding that Henry fraudulently transferred a commercial-use permit held in SHR's name to a new business entity that he owned, Aloha Ocean Excursions, LLC ("AOE"), to avoid Barnes's collection efforts. The first sanctions order, issued in 2019, awarded Barnes $25,000 and required the commercial-use permit to be transferred back to SHR. After Henry failed to transfer the commercial-use permit back to SHR, the district court issued a second sanctions order in October 2020 awarding Barnes $40,000—the appraised value of the permit. Several months later, the third sanctions order awarded Barnes $1,000, plus attorney fees and costs, after Henry failed to make timely payments on the second sanctions order award.

Barnes appealed shortly after the third sanctions order. He raises several issues both related and unrelated to the third sanctions order. Although Barnes contends that interlocutory jurisdiction exists under 28 U.S.C. § 1292(a)(3), we lack jurisdiction to consider any of his arguments.

1. ***Commercial-Use Permit***. Barnes argues that the district court erred in selling the commercial-use permit as part of its sanctions and finding that he agreed to allow the commercial-use permit to remain permanently in AOE's and Henry's

2

possession. The deadline to appeal under § 1292(a)(3) is 30 days from "any judgment, order or decree." 28 U.S.C. § 2107(a); *see Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 528 (9th Cir. 2018). If a timely notice of appeal is not filed as to a specific interlocutory order, we lack jurisdiction to decide issues stemming from that order. *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). Barnes's arguments relating to the commercial-use permit stem from the second sanctions order, which he did not timely appeal. We lack jurisdiction to consider these arguments.

2. ***Discovery Sanctions***. Barnes next argues that the district court erred in denying his request for discovery-related sanctions. Section 1292(a)(3) provides jurisdiction to review interlocutory orders that decide "rights and liabilities" that "are substantive in nature," such that they decide "the merits of the controversies between [the parties]," not those that are "adjective, tactical, or procedural." *Rogers v. Alaska S.S. Co.*, 249 F.2d 646, 649 (9th Cir. 1957) (citation omitted). In determining whether a ruling decides the merits, we consider the "financial realities," *All Alaskan Seafoods, Inc. v. M/V Sea Producer*, 882 F.2d 425, 428 (9th Cir. 1989), as well as other "practical matter[s]," *Kesselring v. F/T Arctic Hero*, 30 F.3d 1123, 1125 (9th Cir. 1994). Because it is an exception to the final judgment rule, we construe § 1292(a)(3) "narrowly." *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1136 (9th Cir. 2000). The third sanctions order imposed a $1,000 sanction, plus attorney fees and

3

costs, because Henry and AOE failed to follow a court-ordered payment plan. The third sanctions order did not define Barnes's rights or liabilities, nor did it go to the merits of his case. *Rogers*, 249 F.2d at 649. Thus, we lack interlocutory jurisdiction over this order.

3. ***Constitutional Issues***. Barnes's final arguments ask us to consider certain "Constitutional challenges" and "all related issues and appeals." These arguments have no relation to the appealed district court order and are beyond the proper scope of this appeal. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50 (1995) (recognizing that the scope of interlocutory jurisdiction is generally limited to the "precise decision independently subject to appeal"). We lack jurisdiction to decide these arguments.

**DISMISSED.**