**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD BARRY BARNES, | No.    21-17094 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00002-ACK-WRP |
| v. | |
| KRIS HENRY; ALOHA OCEAN EXCURSIONS LLC, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| KRIS HENRY, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted April 11, 2022[**]
San Francisco, California

Before:  HAWKINS, R. NELSON, and FORREST, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chad Barnes was injured when the vessel he was working on exploded. Barnes has litigated various claims in admiralty against his employer at the time of the injury, Sea Hawaii Rafting, LLC (SHR), and SHR's sole member and owner, Kris Henry. This appeal concerns the district court's denial of Barnes's motion to compel the transfer of a commercial-use permit, return the permit to him through replevin, and order an injunction barring Henry, or his new company, from using the permit. The district court concluded that it lacked jurisdiction to decide Barnes's motion because it raised "the same fundamental issues" that were pending on appeal in this Court. Barnes timely appealed and contends that interlocutory jurisdiction exists under 28 U.S.C. § 1292(a)(3). We disagree and dismiss for lack of jurisdiction.

Section 1292(a)(3) provides jurisdiction to review interlocutory orders that decide "rights and liabilities" that "are substantive in nature," such that they decide "the merits of the controversies between [the parties]," not those that are "adjective, tactical, or procedural." *Rogers v. Alaska S.S. Co.*, 249 F.2d 646, 649 (9th Cir. 1957) (citation omitted). In determining whether a ruling decides the merits of a controversy, we consider the "financial realities," *All Alaskan Seafoods, Inc. v. M/V Sea Producer*, 882 F.2d 425, 428 (9th Cir. 1989), as well as other "practical matter[s]," *Kesselring v. F/T Arctic Hero*, 30 F.3d 1123, 1125 (9th Cir. 1994). We construe § 1292(a)(3) "narrowly" because it is an exception to the final judgment rule. *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1136 (9th Cir. 2000). The district

2

court's order denying Barnes's motion on jurisdictional grounds neither defined his rights or liabilities, nor addressed the merits of his case. *Rogers*, 249 F.2d at 649. Thus, we lack interlocutory jurisdiction over the order that Barnes appealed.[1]

**DISMISSED.**

---

[1] Barnes argues that the district court erred in finding that he agreed to allow Henry to retain and use the commercial-use permit "in perpetuity." This issue is unrelated to the order appealed here and is beyond the scope of this appeal. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50 (1995) (recognizing that the scope of interlocutory jurisdiction is generally limited to the "precise decision independently subject to appeal"). Barnes also argues that this appeal should be consolidated or joined with one of his other appeals. We have already decided the case that he seeks to consolidate or join with this appeal. *See Barnes v. Henry*, No. 21-16120, 2022 WL 501122 (9th Cir. Feb. 18, 2022). Therefore, this argument is moot.