BRITTAIN v. FIRST TRUST & SAVINGS
BANK et al.
No. 8815.

Circuit Court of Appeals, Eighth Circuit.
July 19, 1930.

Rehearing Denied Sept. 2, 1930.

Robert A. Brown, of St. Joseph, Mo. (Brown, Douglas & Brown, of St. Joseph, Mo., on the brief), for appellant.

Kendall B. Randolph, of St. Joseph, Mo. (Lewis F. Randolph and John P. Randolph, both of St. Joseph, Mo., on the brief), for appellees Susan Jane Brittain Motter and Samuel I. Motter, as guardian ad litem for

Susan Brittain Motter and Mary Augusta Motter.

Charles H. Mayer and Mayer, Conkling & Sprague, all of St. Joseph, Mo., for appellees Mary Noel Brittain Hastings and Robert Hastings, as guardian ad litem for Robert E. Hastings, Jr., Mary Noel Hastings, and John Brittain Hastings.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

BOOTH, Circuit Judge.

This is a suit in equity brought by the First Trust & Savings Bank, as trustee under the will of John S. Brittain, deceased, praying for instructions in the execution of the trust. The various beneficiaries of the trust were made parties to the bill, but, by severance duly allowed, only one of them brings this appeal.

John S. Brittain died December 11, 1917. He left surviving him three married daughters, each having issue; one unmarried daughter; and one unmarried son. This son, John S. Brittain, Jr., married after the death of his father and thereafter died, leaving surviving him a widow and one son, John S. Brittain III, who is the appellant herein.

The provisions of the will having a bearing upon the present controversy are as follows:

In clause second:

"In case my son, John S. Brittain, Jr., decides to do so he may take one thousand (1000) shares of the common stock of the John S. Brittain Dry Goods Company at par value of one hundred dollars ($100.00) each, total one hundred thousand dollars ($100,-000.00) in lieu of the above bequest of four hundred dollars ($400.00) per month. If so he elects, it must be with the understanding that he will have no further interest in my estate. If he elects to take said stock, it may be transferred to him at once."

In clause fourth:

"Out of the income of said property, or the proceeds thereof, said trustee shall pay first, the reasonable and necessary expenses of executing this trust and reasonable compensation to said trustee, as provided by contract, and

"Second, shall pay my sister, Olivia S. Brittain, of Philadelphia, Pennsylvania, or Trenton, New Jersey, the sum of eighty dollars ($80.00) per month, and shall pay to each of my children, Jessie Brittain Walker, Mildred Brittain, Mary Noel Brittain Hast-ings and Susan Jane Brittain Motter, the sum of four hundred dollars ($400.00) per month, payable monthly on the first day of each month during the term of the natural life of each, respectively, and also a like sum of four hundred dollars ($400.00) per month to my son, John S. Brittain, Jr., payable monthly on the first day of each month during the term of his natural life, unless my said son shall elect to take one thousand (1,000) shares of the stock of the John S. Brittain Dry Goods Company as his full share of my estate, and the remainder of the net annual income shall be paid to my daughter, Jessie Brittain Walker, Mary Noel Brittain Hastings and Susan Jane Brittain Motter, during the term of their natural lives respectively.

"In case of the death of any of my children during the existence of this trust, leaving issue, then the child or children of such deceased daughter or son shall receive the sum of four hundred dollars ($400.00) per month payable as aforesaid, which sum shall be divided among the children of such deceased child."

"Immediately on the death of the last survivor of my said children, this trust shall terminate, and the principal trust fund shall be divided as follows:

"First, said trustee shall pay all necessary costs and expenses of executing this trust, as per contract hereinbefore mentioned, and,

"Second, said principal trust fund shall be divided equally among my grandchildren, share and share alike."

This will has heretofore been before this court for construction of some of the provisions thereof. 12 F.(2d) 896. The principal matter decided at that time was that the remainder net income mentioned in the fourth clause went to the married daughters as a class, and that upon the death of one of the married daughters, leaving children, such children did not take any portion of the remainder net income, but the whole of it went share and share alike to the surviving married daughters. The question—whether upon the death of the son, John S. Brittain, Jr., his child or children, if he should leave any surviving, would be entitled to receive a payment of $400 per month—was submitted to this court for its decision; but the court declined to answer the question because it was speculative, John S. Brittain, Jr., at that time not being deceased. After that decision of this court John S. Brittain, Jr., died, leaving one son. The question which this court declined to answer on the former hear-

ing is again presented under the new circumstances.

The sole question now presented, therefore, is whether the appellant, the son of John S. Brittain, Jr., deceased, was at the death of his father, and now is, entitled to receive under the trust in the will $400 per month. The court below held that appellant was not entitled to receive such payments.

The cardinal rule in the construction of wills is to ascertain the intent of the testator. This intent is to be determined from the whole will and from a consideration of all its provisions; and it is to be presumed that every word is intended by the testator to have some meaning; and no clause is to be rejected to which a reasonable effect can be given; and where two constructions are possible, one disregarding a word or clause, and the other giving it effect, the latter should be adopted.

A consideration of the will as a whole, in the light of these principles, discloses an intention on the part of John S. Brittain to provide, first, for his children; second, for his grandchildren. It seems also clear that he intended the provisions of the will relative to his grandchildren to be independent of the provisions relative to his children. Each of the children was provided with an annuity of $400 per month, but there was an option given to the son to take in lieu thereof 1,000 shares of stock in the dry goods company of John S. Brittain. And the will provided that, in case the son did so elect, "he will have no further interest in my estate." The clause providing for the grandchildren read: "In case of the death of any of my children during the existence of this trust, leaving issue, then the child or children of such deceased daughter or son shall receive the sum of four hundred dollars ($400.00) per month," etc. This is a direct, specific, positive provision for grandchildren on the death of their parent who was a child of the testator, whether such grandchildren be issue of testator's daughters or of his son. It is noticeable that this clause does not read: "In case of the death of any of my children *who are entitled to $400 per month*," but it reads: "In case of the death of *any* of my children." It is noticeable also that the provision to the effect that, if the son elected to take the stock, he should have no further interest in the estate, does not read: "*He and his heirs* shall have no further interest in the estate," but that *he* (the son) shall have no further interest in the estate. It is further to be noted that at the termination of the trust the principal is to be divided, not among those grandchildren whose parents had received $400 per month,

but among all of the grandchildren. If it is to be held that the son of John S. Brittain, Jr., was not entitled to the payment of $400 per month on the death of his father, because his father had no interest in the estate, it would seem to follow that, when the trust ceased and the estate was divided, such grandchild would not be entitled to share in the corpus of the trust estate, for the same reason. Such a construction, we think, would do violence to the language of the will.

The grandchildren do not take the payments provided for them in the trust simply because their parent, a child of John S. Brittain, had received payments under the trust; nor do they take the same sum necessarily that their parent had received. The married daughters of John S. Brittain received not merely $400 per month each, but also an equal share in the remainder net income; but, as this court has held, the child or children of a deceased parent took no share in this remainder net income. They simply took what was provided for them by an independent provision of the trust. In other words, the grandchildren take not by descent, but by independent provision in their behalf in the trust.

That the provisions for the children were independent of the provisions for the grandchildren is further shown by the fifth clause of the will, which is to the effect that any child contesting the will shall have his or her annuity cut down to $1,200 per year. No suggestion is contained in that clause that such result shall in any way affect the provisions for the grandchildren.

Some stress is laid by counsel for appellees upon the words "payable as aforesaid" in the clause providing for the grandchildren, but we think that the natural meaning of these words is that the payments were to be made in the same manner as payments had been made to their parents; namely, "monthly on the first day of each month."

It is also said that the disposition of the remainder net income to the married daughters used up the total income, so that there was nothing left for the son of John S. Brittain, Jr., in case he should have any. We fail to see the force of this argument. The provision directing the payment of the remainder net income to the married daughters is an elastic one, and must be read in connection with the other provisions of the will. When so read it is apparent that the remainder net income might either increase or decrease according to circumstances. That the birth of John S. Brittain III and the death of his father tended to cause a decrease in the remainder net income is of course true. But

such a result is not inconsistent with the provisions of the will as a whole.

It is further argued that it was doubtless the intent of the testator that the shares of stock given to John S. Brittain, Jr., should provide an income of $400 per month for John S. Brittain III after the death of John S. Brittain, Jr. But such an argument attributes to the testator the making of several assumptions: First, that the stock would remain intact at the death of John S. Brittain, Jr.; second, that the widow of John S. Brittain, Jr., if he left one, would not share in this stock; and, third, that at the death of John S. Brittain, Jr., the stock would be producing an income of $400 per month. None of these assumptions might prove to be sound; and there is no indication in the will that the testator indulged in such assumptions.

Furthermore, as above stated, we think the will as a whole indicates that the testator intended to make the provisions for the grandchildren independent of the provisions for their parents.

After a careful consideration of the various clauses of the will, we are of the opinion that John S. Brittain III, on the decease of his father, John S. Brittain, Jr., was, and is now entitled, to receive under the terms of the trust payments of $400 per month.

The decree is reversed, with instructions to enter a decree in accordance with this opinion.