**PACE v. BRADLEY.**

No. 9793.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1948.

Decided Dec. 20, 1948.

---

[1] Italics supplied.

Mr. William T. Pace, of Washington, D. C., for appellant.

Mr. Thomas C. Bradley, of Washington, D. C., for appellee.

Mr. Thomas C. Bradley, Jr., of Washington, D. C., also entered an appearance for appellee.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

This is an appeal from two orders of the District Court, one directing the method of distributing the estate of Florence J. Livingston, deceased; the other approving a final account of the executrix made in accordance with those directions. The controversy involves construction of the decedent's will, which was made on a printed form without legal aid, and centers about a part of the second paragraph which reads: "I give, devise and bequeath to my sister Ida J. Bailey, and my niece Lavinia A. Wohlfarth, share and share alike, and at the death of my sister, her share will go to her daughter Florence B. Bradley." No property is specified. Then follows additional handwriting whereby a ring is left to Lavinia A. Wohlfarth and $5 each to several named nephews, grandnieces and a niece. Next is this in writing: "any other relatives attempting to contest this will I leave them each one dollar." Finally, added to the printed part of the residuary clause, the residue of the estate is bequeathed "to my sister Ida J. Bailey, and to my niece Lavinia A. Wohlfarth, share and share alike, * * *." The estate amounted to more than $16,000.

Marshall J. Bailey is among those named to receive a $5 bequest. He has been insane and confined in an institution since 1914. William T. Pace, his guardian ad litem, is the appellant here. Ida J. Bailey, residuary legatee, predeceased the testatrix. Florence B. Bradley, her daughter, appellee here, claims to stand in the place of her mother by virtue of the language of the contested clause.

The guardian ad litem asserts the right of Marshall J. Bailey to share with his sister, Florence B. Bradley, in one-half of the residuum by virtue of Section 110, Title 19, D.C.Code (1940), which reads in part as follows:

"If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition be made or required by the will. * * *"

He argues that the contested clause fails as a bequest because no property is mentioned therein; therefore that the language should be disregarded and treated as meaningless and void. Thus Florence B. Bradley would be eliminated as a substitutional residuary legatee, and by force of the foregoing statute, one-half of the residuary estate, bequeathed to Ida J. Bailey, would vest in both her children, Florence B. Bradley and Marshall J. Bailey.

The trial judge rejected appellant's contention. He held that the intention of testatrix was to "cut off" Marshall J. Bailey with the $5 bequest and to leave the share of Ida J. Bailey upon her death to Florence

B. Bradley. The orders appealed from were designed to carry out this ruling. .

■ We agree with the decision of the trial court. It seems clear to us that the testatrix did intend to "cut off" Marshall J. Bailey and others with nominal money bequests. It seems equally clear that Ida J. Bailey and Lavinia A. Wohlfarth were the foremost objects of her bounty, with Florence B. Bradley favored to take the share of her mother in event of the latter's death. These are important facts. They cannot be disregarded because the contested clause standing alone is insufficient to form a bequest. The words and the thought are there. They have a meaning which cannot be ignored in searching, as a court must, within the four corners of the will for the intention of the testatrix. With that objective, the language must be considered in an effort to discern the testamentary thought and purpose, and must be given effect if when read with other parts of the will the intent can be ascertained. Montgomery v. Brown, 1905, 25 App.D.C. 490; Ellery v. Washington Loan & Trust Co., 1940, 72 App.D.C. 293, 113 F.2d 525; Brittain v. First Trust & Savings Bank, 8 Cir., 1930, 42 F.2d 613, certiorari denied, Motter v. Brittain, 282 U.S. 896, 51 S.Ct. 181, 75 L.Ed. 790. By that process of seeking the true intent, while at the same time trying to give effect to all the language of the will, rather than to discard a part, we readily see a relationship between the wording of the contested clause and that of the residuary clause. We think they complement each other, and when read together reflect the intention that in event of Ida J. Bailey's death her share should go to Florence B. Bradley. This intent would seem obvious had both clauses been joined in arrangement of 'the writing. If their separation does at first glance obscure the meaning, a thoughtful consideration of the whole document reveals with reasonable clarity the testamentary scheme and purpose.

It follows that the Code provisions relied upon by appellant do not apply, for as we hold, a different disposition has been made and is required by the will.

The orders appealed from will be

Affirmed.