## BRADLEY v. PACE.

No. 10307.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 20, 1950.

Decided May 15, 1950.

Mr. Thomas C. Bradley, Washington, D. C., for appellant.

Mr. William T. Pace, Washington, D. C., pro se, for appellee.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The parties to this appeal recently appeared here in Pace v. Bradley, which we disposed of by an opinion reported in 1948, 84 U.S.App.D.C. 212, 171 F.2d 350. We shall summarize the earlier proceeding in order that the questions now before us, which relate thereto, may be understood.

One Florence J. Livingston died leaving a will which was somewhat ambiguous. In one clause she mentioned her sister, Ida J. Bailey, and her niece, Lavinia A. Wohlfarth, as equal beneficiaries, adding that "at the death of my sister, her share will go to her daughter Florence B. Bradley." No property was specified to pass under the foregoing clause. Following this provision, small specific bequests were made, including one of $5.00 to Marshall J. Bailey, mentally incompetent son of Ida J. Bailey, and then a final clause left the residue of the estate "to my sister Ida J. Bailey, and to my niece Lavinia A. Wohlfarth, share and share alike."

Ida J. Bailey having predeceased the testatrix, William T. Pace, as guardian ad litem for Marshall J. Bailey, claimed for his ward one-fourth of the residuary estate on the theory that the property passed under the residuary clause, one-half to Lavinia A. Wohlfarth, and one-half to Marshall and Florence, the two children of Ida J. Bailey.

The District Court held, however, that the testatrix had cut Marshall J. Bailey off with the nominal bequest of $5.00 and that she intended to leave her estate in equal parts to Lavinia A. Wohlfarth and Ida J. Bailey, with the provision that at the latter's death her part should go to her daughter, Florence B. Bradley. Accordingly an order, filed November 3, 1947, directed that the net estate be divided between Lavinia and Florence; and that costs of administration up to the date of the order should be paid out of the estate. It was further adjudged, however,

" * * * That all costs and expenses hereafter incurred or payable relating to or connected with the exceptions to the account of the Executrix and the distribution of this estate (including but not limited to costs and expenses on appeal, if any, and compensation to the guardian ad litem) shall, upon the final distribution of this Estate, be charged against the distributive share of said Florence B. Bradley, and no part thereof shall be charged against the distributive share of said Lavinia A. Wohlfarth."

A restated account filed by the executrix showing her obedience to this order was approved by the District Court December 2, 1947. Thereupon the guardian ad litem petitioned for authority to appeal from the orders of November 3 and December 2, 1947, pursuant to which the District Court on January 15, 1948, granted such authority and also

"Ordered that the executrix be and she is hereby directed and authorized to reimburse the guardian ad litem for all costs that he may advance for said appeal upon the presentation of the receipted statement showing payment, from the funds charged against the distributive share of Florence B. Bradley."

On the appeal of the guardian ad litem we upheld the District Court's construction of the will and affirmed the two orders from which the appeal was taken. Pace v. Bradley, supra.

After our mandate issued, Pace petitioned the District Court for additional compensation as guardian ad litem and by an order, signed on March 7, 1949, and filed two days later, the court granted $500 for the additional services rendered by the guardian ad litem after a previous allowance of $75 for somewhat nominal services. The court ordered that the additional compensation "be charged against the distributive share of Florence B. Bradley, and no part of said moneys shall be charged against the distributive share of Lavinia A. Wohlfarth."

Florence B. Bradley now appeals from the orders of the District Court of January 15, 1948, and March 7, 1949, saying the court erred in ordering the costs and the compensation of the guardian ad litem to be charged against her interest. She also says the District Court erred in not permitting her to produce proof tending to show that the District of Columbia was the real party in interest in prosecuting the former appeal.

Appellant's notice of appeal in this case was filed April 8, 1949, more than fourteen months after the entry of the District Court's order of January 15, 1948. The time for appeal from that order having expired before the notice of appeal was filed, under Rule 10(a) of the rules of this court which was then in effect, the appeal is dismissed insofar as it seeks a review of the order of January 15, 1948.[1] It may

---

1. This must be done even though there was here no motion by the appellee to dismiss the appeal. A statute which limits the time within which an appeal may be taken is mandatory and jurisdictional. United States v. Nordbye, 8 Cir., 1935; 75 F.2d 744, certiorari denied, Love v. Nordbye, 296 U.S. 572, 56 S.Ct. 103, 80 L.Ed. 404; Stradford v. Wagner, 10 Cir., 1933; 64 F.2d 749; Osborn v. United States, 4 Cir., 1931, 50 F.2d 712. These cases were decided

also be noted that the order of January 15, 1948, simply repeats the holding as to the payment of costs which was made by the District Court on November 3, 1947, and which was affirmed by us in Pace v. Bradley, supra.

▮ There is left for consideration the appeal from the order of March 7, 1949, which fixed the additional compensation for the guardian ad litem at the sum of $500 and directed it to be paid out of Mrs. Bradley's distributive share. In our earlier opinion we affirmed the District Court's order of November 3, 1947, requiring future allowances such as this to be charged to the appellant's share of the estate, so the propriety of the ruling cannot be questioned anew on this appeal. Appellant also objects to the amount of the fee which was allowed to the guardian ad litem, saying that it is excessive. The guardian ad litem has represented the interests of Marshall J. Bailey in litigation covering a period of more than four years and involving two appeals to this court. Moreover, the value of the interest in the estate which was in controversy is substantial. We cannot say the District Court abused its discretion in making the allowance.

Mrs. Bradley's assertion that the District Court erred in refusing to receive proof tending to show that the District of Columbia was the real party in interest in the former appeal, due to the fact that it is a creditor of Marshall J. Bailey because he is an inmate of a District institution, is not timely. That objection should have been urged in the first case; but regardless of that, the appellant's objection is untenable because the District of Columbia was not

under the Act of February 13, 1925, 43 Stat. 940, c. 229, § 8(c), 28 U.S.C.A. § 230, but the principle announced governs here because the rules of this court have the force and effect of law. Hill v. Hawes, 1942, 76 U.S. App.D.C. 308, 132 F.2d 569, reversed on other grounds 1944, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283, 149 A.L.R. 736. Therefore, whether an appeal was taken within the time prescribed by the rules of this court is a jurisdictional question which must be passed upon even in the absence of a motion to dismiss the appeal.

a party to the proceeding and there was no attempt to have it made such. Certainly a stranger to the record could not be charged with costs.

Appeal from order of January 15, 1948, dismissed; order of March 7, 1949, affirmed.

Dealers' Finance Co. v. Coulter, 8 Cir., 1933, 64 F.2d 752. The Supreme Court has held that where it does not have jurisdiction of an appeal, it must be dismissed even though the objection was not taken by the appellee, Nyanza S. S. Co. v. Jahncke Dry Dock No. 1, 1924, 264 U.S. 439, 44 S.Ct. 355, 68 L. Ed. 777, and that there must be a dismissal on its own motion unless jurisdiction affirmatively appears. King Iron Bridge & Mfg. Co. v. County of Otoe, 1887, 120 U.S. 225, 7 S.Ct. 552, 30 L.Ed. 623.