Frank GUNTHER et ux. and Ethel and Oscar Heath, Appellants,

v.

E. I. DU PONT DE NEMOURS & COMPANY, Appellee.

No. 7652.

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided May 23, 1958.

I. William Stempil, Washington, D. C., for appellants.

James C. McKay, Washington, D. C., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOPER, Circuit Judge.

The du Pont Company, as defendant-appellee, moves the court to dismiss this appeal because plaintiffs-appellants failed to docket the record on appeal with the Clerk of this court within an extended period of 90 days from the date of filing the notice of appeal, which was fixed by the District Court under Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C., and Rules 9(2) and 11(1) of the Revised Rules of this court, 28 U.S.C. The judgment appealed from was entered on November 12, 1957, and the notice of appeal was filed on December 12, 1957. Since on the latter date insufficient time remained for filing the record within 40 days from the date of filing the notice of appeal, the District Court on January 16, 1958, on motion of the Clerk, extended the time until March 12, 1958. On the latter date the plaintiffs directed the Clerk to certify to this court certain portions of the record designated by them and this portion of the record was filed in this court on March 20, 1958; but it did not contain a transcript of the evidence at the trial below. The defendant's motion to dismiss the appeal was filed April 1, 1958.

The suit was brought by Frank A. Gunther and Frieda E. Gunther, his wife, and Oscar Heath and Ethel C. Heath, his wife, to secure an injunction to restrain du Pont from conducting certain explosive testing operations which were alleged to be injurious to the properties and persons of the plaintiffs, and also to recover damages for injuries alleged to have been already inflicted. Prior to the trial of the case motion was made by the defendant for a partial summary judgment as to certain claims of the Heaths, and on August 12, 1957 such a judgment was entered in favor of the defendant as to (1) the claim of Mr. Heath for personal injuries; (2) the claim of the Heaths for damages to real property occupied by them, on the ground that the property did not belong to them; (3) claim of the Heaths for damages to a chicken hatching business conducted by them on the grounds that the claims were barred by

limitations as to the year 1954, and that the claims for damages for subsequent years, when the business was abandoned, were speculative and uncertain; and (4) the claim of the Heaths for an injunction restraining the defendant from carrying on its operations. The plaintiffs have not at any time noted an appeal from this judgment.

The case was tried with a jury on 10 days in September and October 1957. Issues of fact were submitted to the jury following the West Virginia practice where an injunction is prayed in nuisance cases. At the conclusion of the evidence the court directed a verdict for the defendant in respect to the claims of Mr. Gunther and Mrs. Heath for personal injuries, and the jury found in answer to specific questions that the Gunther property had not been injured and that Mrs. Gunther had not suffered personal injuries from the du Pont operations, and that these operations had been conducted in a reasonable manner.

Thereafter a motion for new trial was filed based in part on an affidavit of plaintiffs' attorney in which the charge was made, upon hearsay information, that one Harry T. Miller, who had been selected by the jury as their foreman, had made a statement after the evidence was concluded indicating a bias on his part in favor of the defendant. After a hearing this motion was overruled, and on November 12, 1957 judgment was entered for the defendant upon the claims of the Gunthers for injuries to their real property and to their persons and upon the claim of Mrs. Heath for personal injuries.

On December 12, 1957 the judge filed an opinion in which he reviewed the proceedings in the case and gave his reasons for refusing to disturb the findings of the jury, and entered judgment for the defendant upon the Gunthers' claims for damages for injury to person and property and Mrs. Heath's claim for damages for personal injuries. The judge also announced the conclusion, based on the findings of the jury, that the plaintiffs were not entitled to an injunction against the defendant, and on the same day judgment was entered denying the injunction.

It thus appears that three separate judgments in favor of the defendant have been entered in this case, (1) the summary judgment of August 12, 1957 as to certain claims of the Heaths; (2) the judgment of November 12, 1957 as to all the other claims of the plaintiffs, excepting the claim for an injunction; and (3) the judgment of December 12, 1957, denying the injunction.

On December 12, 1957 the plaintiffs filed a notice of appeal from the judgment of November 12, 1957; but no reference was made therein to the summary judgment of August 12, 1957 or to the judgment of December 12, 1957 denying the injunction.

After the appeal was noted and prior to March 12, 1958 certain proceedings took place in the District Court bearing on the questions presented by the motion to dismiss the appeal. On January 7, 1958 the plaintiffs filed a designation of the portions of the record in the trial court to be contained in the record on appeal, which included the complaints of the plaintiffs, a part of the transcript of the proceedings at the trial relating to the examination of juror Harry T. Miller on voir dire, the judge's charge to the jury, the motion for a new trial and the denial thereof, and a motion of the plaintiffs filed on the same day to insert in the record the affidavit of one J. F. Poland, another juror, with respect to statements made by juror Miller when the jury went into the jury room. In this affidavit it was stated that at the time the jury went into its room to deliberate, juror Miller urged that the jury get the case over in a hurry since it was only a scheme on Gunther's part to get money from du Pont. It was upon the information furnished by this affidavit that the plaintiffs' attorney based the affidavit which he filed with the motion for new trial. After a hearing, in which it was pointed out that the Poland affidavit should have been filed with the motion

for new trial, the motion to file the affidavit was denied.

On February 3, 1958 the plaintiffs filed a list of the points on which they expected to rely on appeal, which included contentions that the judge erred in granting the summary judgment of August 12, 1957, and in his instructions to the jury, and in denying a request of several jurors, after the jury had retired, for permission to view the plaintiffs' property, and in denying the plaintiffs' motion for a new trial although the affidavits in respect to the statements of juror Miller showed that the jury was biased and that the plaintiffs did not receive a fair and impartial trial. On February 12, 1958, the defendant moved the court, under Rule 75(b) of the Federal Rules of Civil Procedure, to require the plaintiffs to furnish a transcript of all the evidence so that the defendant might be able to designate and file the parts thereof which it desired to have added to the record. This section provides that if the appellant's designation of the parts of the record to be contained in the record on appeal includes only a part of the reporter's transcript of the evidence, the appellant shall file such additional parts as the appellee may need to enable him to make his designation, and if the appellant fails to do so, the court on motion may order him to furnish such additional parts as are necessary for this purpose.

The plaintiffs filed an opposition to this motion on the ground that the entire transcript of the trial proceedings was not necessary, since the appeal was limited to the points set out in its designation of February 3, 1958. Thereafter a hearing was held and on February 22, 1958, an order was filed wherein it was noted that the plaintiffs desired to withdraw certain points on which they had expected to rely on appeal, and it was ordered that the plaintiffs file an amended statement of these points. Thereafter on February 27, 1958, the plaintiffs filed an amended designation limiting the points on which they intended to rely to the following errors on the part of the trial court; first, in granting the sum-

mary judgment of the defendant on the Heaths' claim as to the chicken hatching business; second, in allowing juror Miller to serve on the jury after disclosing his relationship by marriage to a du Pont employee; third, in refusing the requests of the jury to view the plaintiffs' property; and fourth, in refusing to grant a new trial on the basis of the affidavits with regard to the statements of juror Miller on his way to the jury room.

Subsequently the defendant renewed its motion to require the plaintiffs to furnish a transcript of all the evidence on the ground that the Court of Appeals would not be able to determine whether the jury was arbitrary and capricious or whether juror Miller was biased in favor of the defendant unless the record contained a substantial part of the testimony of the witnesses. This motion was submitted to the court without oral argument by agreement and on March 12, 1958 the court ordered that the motion be granted. On the same day the plaintiffs directed the Clerk of the District Court to send to this court the abbreviated record and it was filed on March 20, 1958. In addition to the pleadings and formal record of proceedings, the abbreviated record consists only of the pretrial depositions of the plaintiffs taken at the instance of the defendant, portions of the transcript of the proceedings at the jury trial relating to the examination of juror Miller on voir dire, the application of plaintiffs' attorney at the beginning of the trial for permission to take the jury to view the property, and the judge's charge to the jury. The record does not contain the evidence submitted to the jury at the trial.

The case is now before this court on motions of both parties. The defendant moves to dismiss the appeal for failure of the plaintiffs to file the record in time and to comply with the order of the District Court of March 12, 1958 requiring them to furnish the transcript of the evidence. The plaintiffs move the Court to extend for 60 days the time for docketing the record in this Court and also to deny the defendant's demand to be fur-

nished with a copy of the transcript of evidence. In short, the plaintiffs move the Court to excuse their failure to comply with the rule and to hear the appeal on the record filed herein on March 20, 1958.

The time within which an appeal must be taken, and the time within which the record on appeal must be filed in the Court of Appeals, are regulated by Rules 73 and 75 of the Federal Rules of Civil Procedure and Section 107 of the Judicial Code, 28 U.S.C. § 2107. Rule 73(a) and Section 107 provide that in what may be called private cases the time within which an appeal may be taken shall be 30 days from the entry of the judgment. It is established that unless the appeal is taken within this period the Court of Appeals is without jurisdiction to entertain it and must dismiss it on its own motion, even though the failure to comply with the statutes is not otherwise brought to its attention. Old Nick Williams Co. v. United States, 215 U.S. 541, 30 S.Ct. 221, 54 L.Ed. 318; Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283; Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415, 63 S.Ct. 1126, 87 L.Ed. 1483; Fine v. Paramount Pictures, 7 Cir., 171 F.2d 571, 574; Muckelroy v. Baldwin, 7 Cir., 70 F.2d 728; Bradley v. Pace, 87 U.S.App.D.C. 11, 183 F.2d 806; Randolph v. Randolph, 91 U.S.App. D.C. 170, 198 F.2d 956, 958; 7 Moore on Federal Practice, p. 3135.

On the other hand, the failure of an appellant, after noticing the appeal in time, to take the further steps necessary to perfect the appeal is not necessarily fatal and does not of itself deprive the appellate court of all control of the case. It is provided by Rule 73(a) that such a failure does not affect the validity on appeal and is ground only for such remedies as are specified in the rule, and when no remedy is specified, the appellate court may take such action, including dismissal of the appeal, as it may deem appropriate. By reason of this provision the Court of Appeals has discretion to consider an appeal even if the appellant has failed to

comply with the provision of Rule 73(g) that the record on appeal shall be filed within 40 days from the date of filing the notice of appeal. It is established, however, that the discretion of the court should be exercised sparingly. It is significant that Section 75(a) directs that *promptly* after an appeal is taken the appellant shall serve and file a designation of the portions of the record to be contained in the record on appeal; and the delinquency of an appellant should not be overlooked unless it is clear that substantial questions on the merits of the appeal are at issue or the failure of the appellant may be attributed to excusable neglect. Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 702–705, 67 S.Ct. 954, 91 L.Ed. 1184; Stumpf v. Matthews, 89 U.S.App.D.C. 231, 195 F.2d 25, 28; Miller v. U. S., 7 Cir., 117 F.2d 256; 7 Moore on Federal Practice, pp. 3192–3195.

The two questions which arise in this case are whether the court should hear the appeal notwithstanding the plaintiffs' failure to file the record on time, and whether, if it determines to do so, the appeal should be heard upon the record submitted by the plaintiffs without the transcript of the evidence. These questions are so intermingled that they must be considered together. It is clear from the outline of the proceedings given above that the failure of the plaintiffs to docket the appeal in time was due to the controversy as to the contents of the record to be sent up. The delay was not due to neglect or inattention, but due to the deliberate purpose of the plaintiffs to omit the evidence from the transcript and to confine the appeal to the area of their own choosing. The controversy over this point in the District Court covered all of the extended period of 90 days after the filing of the appeal, and it was not until March 12, 1957, the last day of the extended period, when it was too late to get the record to this court in time, that the order to transmit the record was given by the plaintiffs to the clerk. Even now the plaintiffs insist that

the appeal should be heard upon the incomplete record which has been furnished.

■ The practice to be followed when a controversy of this sort occurs is set out in Rule 75(b) of the Federal Rules of Civil Procedure, which provides that if any difference arises as to whether the record on appeal truly discloses what occurred in the District Court the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material is omitted, the District Court, either before or after the record is transmitted to the appellate court, or the appellate court, may direct that the omission be corrected and if necessary that a supplemental record be certified and transmitted. In the pending case the dispute was submitted to the district judge who decided against the plaintiffs after hearing it. Obviously this determination should be upheld unless it was clearly unreasonable. In our opinion it was correct.

[6–8] The appellants do not attempt to show that the verdict of the jury was wrong or that the injunction against the du Pont operations should have been granted. The main points on appeal, so far as the jury trial is concerned, are that the jury were denied an opportunity to view the properties and that the plaintiffs were denied a fair trial because the foreman of the jury was biased in favor of the defendant. On the first point, the abbreviated transcript of record shows that after the jury was sworn and before the evidence was begun, the plaintiffs moved the court to send the jury to view the plaintiffs' houses and the site of the blasting operations. It then transpired that pictures of the site of the operations had been taken and introduced at the pre-trial conference which showed the general type of the area, and no suggestion was then made that a visit by the jury was desired. Since the site of the operations was fifteen miles from the place of the trial, the judge concluded that an inspection by the jury was unnecessary. It appears from a passing reference in the Poland affidavit that

some of the jurors, after the jury retired to consider their verdict, requested the judge to permit them to visit the site. It is said, although the record is silent on the point, that this request was refused. We find no substantial question in either of these rulings which would justify an extension of time for filing the record. The propriety of sending the jurors to view the property was a question that lay within the sound discretion of the district judge, and there is nothing before us to justify the view that his discretion was abused. Without the transcript of the evidence such a holding on our part would be manifestly improper. See Fitzpatrick v. Sooner Oil Co., 10 Cir., 212 F.2d 548; Lowry v. Seabard Airline R. Co., 5 Cir., 171 F.2d 625.

As to the juror Miller, two incidents are cited. The first relates to his testimony on voir dire and his disclosure, after he was accepted and sworn, that his brother-in-law was a du Pont employee. When questioned by the judge as to why he had not given this information before he was sworn, he said he was confused by an allusion in the questions to blood relationship. He also testified that his relationship to the employee would have no influence on his verdict. Although these disclosures were made in open court, the plaintiffs made no objection and the trial proceeded with the juror on the panel. When the jury retired they chose Miller as their foreman.

■ The second incident relates to statements which, according to Poland's affidavit, were made by Miller at the end of the trial as the jury entered their room to consider the verdict. It is alleged that Miller expressed the desire to get the case over in a hurry since both parties had a lot of money and the case was only a scheme on Gunther's part to get money from du Pont. It is questioned whether the testimony of a juror is admissible to prove misconduct on the part of a colleague; but even if the allegations in the affidavit are accepted as true, they do not prove the charge of bias on Miller's part, for the statements were made after all the evidence had

been taken, the argument of counsel had been heard and the charge of the judge had been delivered. In any event, we would not be justified in reaching the conclusion that the juryman was biased without considering the evidence which he had heard. See Sublette v. Servel, 8 Cir., 124 F.2d 516.

There remains the question of whether this court should review the correctness of the partial summary judgment by which certain claims of the Heaths were decided in favor of the defendant. In reaching this conclusion the District Court had before it the pleadings and certain pre-trial depositions of the Heaths taken at the instance of the defendant. The only one of the claims rejected by this judgment to which this appeal is directed is the claim for damages for injury to the chicken hatching business conducted by the Heaths. This judgment seems to have been based on the conclusions of the court that injuries claimed to have been inflicted in 1954 and prior years were barred by limitations, and that the claim for loss of profits for subsequent years from the abandonment of the business on account of du Pont's operations was too uncertain and conjectural to warrant a recovery. Nothing has been called to our attention to indicate that these rulings present such a substantial question as to excuse the failure of the plaintiffs to comply with the statute.

In any event, we have no power to do so. The summary judgment was rendered on August 12, 1957. The only notice of appeal was taken on December 12, 1957. That notice may perhaps be considered timely since three sets of claims were involved in the case, the last of which was adjudicated on December 12, 1957. Hence the situation was covered by Rule 54 of the Federal Rules of Civil Procedure, which provides that when more than one claim is presented in an action the court may direct a final judgment upon less than all of the claims only when it determines that there is no reason for delay and expressly directs the entry of the judgment, and if such action is not taken the adjudication is not final.

The difficulty of the plaintiffs is that three judgments were entered in the case and only one of them was mentioned in the notice of appeal of December 12, 1957. That notice was directed specifically to the judgment of November 12, 1957 which was based on the verdict of the jury denying the plaintiffs' claims for damages to their real property and to their persons; but the notice contained no reference to the summary judgment of August 12, 1957 or to the judgment denying the injunction of December 12, 1957. The first mention of the summary judgment in the proceedings looking toward the appeal was in the designation of the points of the appeal filed on February 3, 1958, but this was more than 30 days after the judgment of December 12, 1957 and was therefore too late even if it should be accepted as a notice of appeal. We cannot stretch the language of the notice of appeal so as to validate the appeal from the summary judgment.

The courts of appeal should be liberal in passing on the sufficiency of a notice of appeal taken under Rule 73. It is provided in Rule 73(b) that the notice shall specify the parties taking the appeal, the judgment or the part thereof appealed from, and the name of the court to which the appeal is taken. The purpose of the notice is to acquaint the appellee and the appellate court with the fact that an appeal has been taken from a specific judgment in a particular case. When it appears that adequate information is given by the notice, the appeal should not be dismissed for mistakes which do not mislead or prejudice the appellee. See Martin v. Clarke, 7 Cir., 105 F.2d 685; Levy v. Levy, 77 U.S.App. D.C. 382, 135 F.2d 663; Long v. Union Pacific R. Co., 10 Cir., 206 F.2d 829; Federal Rules of Civil Procedure, Nos. 1 and 6. On the other hand, since the jurisdiction of the appellate court is determined by the timeliness and specific terms of the notice, it cannot be modified to cover a judgment not included by any reasonable interpretation; and in some

cases the courts have felt compelled to adhere closely to the language of the notice in determining the scope of the appeal. See Roth v. Hyer, 5 Cir., 142 F.2d 227; Carter v. Powell, 5 Cir., 104 F.2d 428; French v. Jeffries, 7 Cir., 161 F.2d 97; Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275; 7 Moore on Federal Practice, p. 3166.

In the pending case there is no room for the argument that the notice of appeal covers the summary judgment. The motions of the plaintiffs to extend the time for filing the record on appeal and to hear the appeal on the record heretofore filed in this court are denied, and the motion of the defendant to dismiss the appeal is granted.

Motions to extend time denied.

Motion to dismiss appeal granted.