**In re ESTATE of Dorothy H. BURROUGH, Deceased.**

**Ann Burrough (Donovan) CENNAMO, Appellant,**

v.

**AMERICAN SECURITY AND TRUST COMPANY et al.**

No. 73–2024.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1974.

Decided Oct. 16, 1975.

See also D.C., 360 F.Supp. 1354.

Anthony D. Cennamo, Washington, D. C., for appellants. George R. Douglas, Jr., Washington, D. C., also entered an appearance for appellants.

John L. Laskey, Naples, Fla., with whom Diane M. Sullivan, Washington, D. C., was on the brief for appellees Reiche as Guardian ad Litem.

Benton C. Tolley, Jr., Washington, D. C., was on the brief for appellee, American Security and Trust Company.

Before BAZELON, Chief Judge, and ROBINSON and MacKINNON, Circuit Judges.

MacKINNON, Circuit Judge:

This case involves the proper construction and effect to be given to a perpetuities saving clause in a will in light of its other provisions. Decedent died in 1969,

survived by her daughter, the appellant. After making certain specific bequests, the will establishes a trust of the residue with appellant as the life beneficiary.[1]

1. The portions of the will establishing the trusts are as follows:

"NINTH: I give, devise and bequeath all the rest, residue, and remainder of my property, both real and personal, wherever situated, whether owned by me at this time or hereafter acquired by me and all property over which I may have power of appointment and can dispose of by will to the Trustee hereinafter named, IN TRUST, for the uses and purposes hereinafter set forth:

A. If my daughter, Ann Burrough Donovan, survives me, then during her lifetime my Trustee shall distribute to my said daughter, or for her benefit, at least as often as quarterly, all of the net income of this trust. In addition to such income, in the event my said daughter remarries and if during the period of such marriage she desires to purchase a home to be used as her residence, my Trustee is hereby authorized and directed to pay to my daughter, or for her benefit, the sum of Five Thousand ($5,000.00) Dollars from the principal of said trust to be used as a down-payment, or a portion thereof on the purchase of such residence and my Trustee is fully authorized to pay such amount even though my said daughter and her spouse may elect to take title to such residence in their joint names. My Trustee shall also distribute to my daughter, or for her benefit, such amounts of the principal of the trust which may be necessary or advisable, in the sole discretion of my Trustee, to meet the medical, educational and emergency needs or any other unusual living expenses of my said daughter or any of her children.

B. Upon the death of my said daughter or upon the receipt of the trust fund by my Trustee if she does not survive me, this trust shall terminate and my Trustee shall divide the entire trust property and estate then held by it hereunder, together with any accrued and undistributed income into equal separate shares as hereinafter provided and shall distribute said trust fund, free of trust, to the following individuals who survive both my daughter and myself:

(1) One share shall be distributed to each child of by daughter, Ann Burrough Donovan, or to their then living descendants, per stirpes, if any child of my daughter does not survive both my daughter and myself; and

(2) One share shall be divided among all of the then living descendants of my niece, Janet T. Reiche in equal portions of said share, per stirpes, and each of said portions of said share shall be distributed to each of said then living descendants.

*Notwithstanding the foregoing, if any of the above beneficiaries is under the age of*

30DB

*thirty-five (35) years at the time of the distribution hereinbefore described, I direct my Trustee to hold the share of such beneficiary in further trust with all the rights, powers and discretion herein conferred upon it, applying such portion of the income from such beneficiary's share for the support, health, education and general welfare of such beneficiary as the Trustee in its sole discretion shall deem advisable, adding any unused income to the trust principal of such beneficiary, and distributing all property and assets remaining in said share to such beneficiary of such sh'are upon beneficiary attain-*

30DHB

*ing the age of thirty-five (35) years or upon his death prior to attaining such age. In the event of the death of any of the beneficiaries prior to such distribution, my Trustee shall thereupon distribute all property and assets held in trust by it to such beneficiary's then living descendants, in equal shares, per stirpes, or in the event there are no such then living descendants, my Trustee shall thereupon distribute all property and assets held in trust by it in accordance with the terms and provisions of this Will as if such deceased beneficiary predeceased both my daughter and myself leaving no then living descendants, Provided, however, that if any assets or property are then being held in trust under this subparagraph B for any person who shall become entitled to a part or all of such distribution, his or her share of such distribution shall be added to the assets or property held in trust for such person hereunder and shall be governed by the terms hereof applicable to such other assets or property.*

C. If any beneficiary who shall at any time become entitled to a portion of any trust created hereunder is under the age of twenty-one (21) years at the time of such distribution, I direct my Trustee to hold such beneficiary's share in further trust for such beneficiary, with all rights, powers and discretion herein conferred upon it, applying such portion of the income thereof for the support, health, education and general welfare of such beneficiary as the Trustee in its discretion shall deem advisable, adding any unused income to the trust principal, and distributing all property and assets remaining in said share to such beneficiary upon the attainment of the age of twenty-one (21) years by such beneficiary. In the event of the death of such beneficiary prior to attaining the age of twenty-one (21) years, my Trustee shall distribute all property and assets remaining in such share to such beneficiary's executor or administrator." (Appellant's Appendix, pp. 58–61)

Upon appellant's death, the trust is to terminate and the remainder is to be divided into shares, one share going to each child of appellant or its surviving descendants per stirpes and one additional share to be distributed among the then living descendants of decedent's niece. However, if any of these initial beneficiaries are under age 30 at appellant's death, that share is to be held in further trust until the beneficiary reaches 30. In the event an initial beneficiary dies before reaching age 30, the trust property is to be distributed to his descendants per stirpes. If any of these substituted beneficiaries is under age 21, his share is placed in further trust until he reaches 21. In the event a substituted beneficiary dies before age 21, his share of the trust corpus is to be distributed to his estate. Finally the will contains a perpetuities saving clause which provides:

> Thirteenth: If any trust created hereunder shall violate any applicable rule against perpetuities, accumulations or any similar rule or law, my Trustee is hereby directed to terminate such trust on the date limited by such rule or law and thereupon the property held in such trust shall be distributed to the persons then entitled to share the income therefrom in the proportions in which they are then entitled to share such income, notwithstanding any provision of this will to the contrary.

■ There is no question and no party contests the fact that in the will as written, absent the saving clause, both the 30 year trusts and the 21 year trusts violate the common law Rule against Perpetuities and D.C.Code § 45–102.[2] The district court elected to solve the problem by striking the provision for the 30 year trusts from the will.[3] The resulting scheme provides that the initial beneficiaries take outright unless under age 21. If any of these beneficiaries is under 21, his share is placed in further trust until he reaches 21. In case of death before age 21, the share is distributed to the beneficiary's estate. The court's scheme clearly complies with the Rule and is not an irrational method of disposing of the estate.

However, the district court's solution materially alters the decedent's dispositive scheme in two ways. First, the time of taking by an initial beneficiary has been accelerated under certain circumstances. One example will suffice to show the effect of the district court's alterations. If a beneficiary is age 10 at the death of the life tenant, the will originally provided that he would receive the trust corpus at age 30, i. e., 20 years after the death of the measuring life in being. Under the will as modified by the district court, this beneficiary will receive the corpus at age 21, only 11 years after the death of the life tenant. Each disposition falls within the period allowed by the Rule, but there are significant variations in the duration of the trusts.

The second variation caused by the district court's modification of the will involves the disposition to be made of the corpus in the event an initial beneficiary dies before achieving the required age (30 in the original will, 21 in the will

(Emphasis added). The district court struck out the italicized portion of the will.

2. D.C.Code § 45–102 (1973) provides:

> § 45–102. Perpetuities—Excepting charitable uses
> Except in the case of gifts or devises to charitable uses, every future estate, whether of freehold or leasehold, whether by way of remainder or without a precedent estate, and whether vested or contingent, shall be void in its creation which shall suspend, or may by possibility suspend, the power of absolute alienation of the property, so that there shall be no person or persons in being by whom

> an absolute fee in the same, in possession, can be conveyed, for a longer period than during the continuance of not more than one or more lives in being and twenty-one years thereafter.

This statute embodies the rule against suspension of the power of alienation, but it is not exclusive and the common law Rule against Perpetuities is also in force in the District of Columbia. *American Security & Trust Co. v. Cramer*, 175 F.Supp. 367, 370 n.10 (D.C.D.C. 1959). The allowable duration of the trust is the same under either rule. *Id.*

3. *I. e.*, by striking out the last paragraph of Clause Ninth(B). *See* note 1 *supra.*

as modified). Under the original will, exclusive of Item Thirteenth, the share of an initial beneficiary who dies before reaching age 30 is distributed to his then living descendants, or if none, to the other initial beneficiaries. Even if under Item Thirteenth a termination is necessary to avoid an infraction of the Rule, the share of such a beneficiary would "be distributed to the persons then entitled to share the income therefrom . . . ." Under the will as modified, the share of a beneficiary who dies before age 21 is distributed to such beneficiary's executor or administrator, who, in carrying out a testate or intestate distribution, might be forced to distribute the trust property to persons or interests other than the family members who were the beneficiaries under the will as originally drawn. In other words, the instant will originally would have distributed the trust portion of this beneficiary's estate to other blood relatives of the decedent, whereas the modification proposed by the trial court permits distribution outside this class.

The above discussion has demonstrated that the district court's action creates possibilities that trust property could pass out of decedent's family or that a beneficiary could gain either absolute ownership or control over the disposition of the trust property earlier than was intended by decedent. By striking out a portion of the will, the district court has thus materially altered the disposition directed by decedent.

Had the action been necessary to avoid a violation of the Rule against Perpetuities, we would find no fault with the district court's decision. However, it appears that when all the will provisions are construed together, a valid dispositive scheme is produced with no need to strike out any language in the will.

■ Item Thirteenth provides that all trusts created by the will are to terminate on the date limited by the applicable Rule against Perpetuities or any similar rule or law (e. g. D.C.Code § 45–102) and any remaining corpus is to be distributed to those persons then entitled to receive income from the trust. The relevant measuring life in this case is unquestionably that of appellant, the life tenant. Thus Item Thirteenth places a maximum time limit on each trust; it must terminate 21 years from the death of the life tenant if it has not previously been terminated by the other provisions of the will. In effect then, the will provides that the trusts for initial beneficiaries terminate: "when the beneficiary reaches age 30 or 21 years from the death of the life tenant, whichever occurs earlier." Similarly, the trusts for substituted beneficiaries terminate: "when the beneficiary reaches age 21 or 21 years from the death of the life tenant, whichever occurs earlier." *A trust with such provisions is clearly unaffected by the Rule or its statutory counterpart.* Its validity is established upon the death of the testatrix and no further terms or facts are required before the trust can be administered properly. Thus it is apparent that the will as originally drawn never violated the Rule against Perpetuities or D.C.Code § 45–102 and the district court acted unnecessarily in striking a paragraph from the will.

■ The approach outlined above is consistent with the well established principle that all provisions of a will are to be construed together in determining the correct disposition if such construction is reasonable. *Hall v. Killingsworth,* 102 U.S.App.D.C. 307, 253 F.2d 43 (1958); *Pace v. Bradley,* 84 U.S.App.D.C. 212, 171 F.2d 350 (1948); *Walker v. Thomas,* 64 App.D.C. 148, 150, 75 F.2d 667, 669 (1935). The resulting disposition of the estate is a rational scheme which most nearly reflects the intent of the decedent. It is apparent that the decedent intended the trusts to continue for the maximum period allowed by law in the event of a youthful beneficiary. This intent is accurately reflected when all provisions of the will are construed together whereas the district court's action could lead to serious discrepancies between the intended and the actual disposition.

We accordingly hold that the portion of the district court's order which struck

out the last paragraph of Clause Ninth (B) of the will should be vacated and the case should be remanded with directions to construe the will in the manner set forth above. Such action is necessary to carry out the *entire* intent expressed by the will.

*Judgment accordingly.*