803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Burton D. LINNE, Appellant.
 No. 86-5044.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 30, 1986.
Decided Oct. 20, 1986.
 
 Burton D. Linne, appellant pro se.
 Michael Lee Paup, Roger Milton Olsen, Attorneys, Tax Division, United States Department of Justice, and Joseph Aronica, Office of the United States Attorney, for appellees.
 E.D.Va.
 DISMISSED.
 Before WIDENER, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Burton Linne, whose criminal conviction is presently on appeal to this Court (No. 86-5018), appeals from a district court order denying his motion for leave to review the court reporter's original notes and audiotape recordings of the trial. The district court explicitly provided that the denial of Linne's motion was "without prejudice to said defendant's right, after a transcript is prepared, to bring to the court's attention any alleged errors or omissions so that the court may make the determination required by F.R.App.P. 10(e)." At the time the district court denied the motion, the trial transcript was, in fact, on file with this Court.
 
 
 2
 Under Fed.R.App.P. 10(e), "[i]f any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." The rule clearly establishes that disputes regarding what occurred in the district court are to be resolved in that court. The district court's resolution of the dispute is conclusive absent a showing that the court was clearly unreasonable or had intentionally falsified the record. Gunther v. E.I. du Pont de Nemours & Co., 255 F.2d. 710, 716 (4th Cir.1958).
 
 
 3
 Because the district court's order in this case was based on the mistaken assumption that a transcript had not yet been prepared, that court has not yet exercised the responsibility imposed on it by Rule 10(e) to settle disputes regarding the accuracy of the record. That being the case, there is nothing for this Court to review.
 
 
 4
 The district court indicated in its order its willingness to perform the required review. The record presently on file with this Court can be sent to the district court for review upon its request. Should any question remain as to the form or content of the record after the district court has settled the differences raised by Linne, the matter may be pursued by appropriate motion made in Appeal No. 86-5018, see Fed.R.App.P. 10(e). Finding that, under Rule 10(e), jurisdiction to settle Linne's disputes regarding the trial transcript remains, at this point, with the district court, we dismiss the present appeal. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED