UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4904

EDWARD OUMA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-252)

Submitted: July 20, 1999

Decided: August 3, 1999

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Morchower, Anthony G. Spencer, MORCHOWER, LUX-
TON & WHALEY, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, N. George Metcalf, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Ouma appeals his convictions and sentence based upon his guilty plea to one count of aiding and abetting the making of false statements in violation of 18 U.S.C.A. § 1001 (West Supp. 1999); one count of aiding and abetting in the alteration of a document in violation of 18 U.S.C.A. § 1546 (West Supp. 1999); and one count of unlawful procurement of citizenship in violation of 18 U.S.C.A. § 1425(b) (West Supp. 1999).* Ouma asserts that (1) his guilty plea was not knowing and intelligent because the district court failed to inform him that as a result of his guilty plea, he would be denied political asylum in the United States; and (2) his counsel was ineffective for not informing him that as a result of his guilty plea and conviction, he would be ineligible for political asylum. We have reviewed the parties' submissions, the record, and the applicable law, and find no reversible error.

The district court was not required to inform Ouma he would not be able to seek political asylum because exclusion from seeking asylum was a collateral consequence of Ouma's plea. See Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir. 1973). Furthermore, Ouma's claim of ineffective assistance of counsel is meritless because it does not "conclusively appear" in the trial record that counsel provide ineffective representation. See United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973).

_____

*Although Ouma asserts that he has appealed the court's order denying him post-conviction relief under 28 U.S.C.A.§ 2255 (West 1999), his notice of appeal specifies that he appealed the court's December 8 final judgment order. When the notice of appeal designates a specific ruling being appealed, we do not have jurisdiction to review other judgments or issues not expressly referred to or impliedly intended for appeal. See C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981); Gunther v. E. I. DuPont de Nemours & Co., 255 F.2d 710, 717-18 (4th Cir. 1958) ("since the jurisdiction of the appellate court is determined by the timeliness and specific terms of the notice, it cannot be modified to cover a judgment not included by an reasonable interpretation"). Thus, we address only Ouma's appeal from his convictions and sentence.

2

Accordingly, we affirm Ouma's convictions and sentence. We also deny Ouma's pro se motion requesting transcripts of the district court proceedings, documents seized by the Social Security Administration and the IRS, and the name, address, and telephone number of his counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3