FINE v. PARAMOUNT PICTURES, Inc.

No. 9510.

United States Court of Appeals Seventh Circuit.

Nov. 26, 1948.

Rehearing Denied Jan. 22, 1949.

572

Laurence M. Fine and Harry C. Diamond, both of Chicago, Ill., for appellant.

Herbert M. Lautmann, Isaac E. Ferguson, Otto Kerner, Jr., U.S. Atty., and Wm. S. White, Jr., and John Peter Lulinski, Asst. U.S. Attys., all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and SPARKS, Circuit Judge, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

In this case suit was instituted in the Superior Court of Cook County against two federal officers. Hugh F. Gordon, Special Agent, Federal Bureau of Investigation and Edmund Johnson, Assistant United States Attorney and against Paramount Pictures, Inc., and its Chicago Branch Manager, J. Harold Stevens, and was removed by certiorari to the United States District Court for the Northern District of Illinois.

The District Court on February 21, 1947 allowed the motion of defendants Gordon and Johnson for judgment on the pleadings and dismissed the cause as to them. On May 20, 1947 the District Court allowed the motion of defendants Paramount Pictures, Inc., and Stevens for summary judgment. This appeal, taken on August 19, 1947, is from both judgments.

The plaintiff, Charles Fine, in his complaint charged that on December 7, 1945, the defendants maliciously and with intent to injure the plaintiff, and wholly without reasonable or probable cause, and against the will of the plaintiff, directed, caused and procured the plaintiff to be seized and laid hold of, with force and violence, and to be pulled and dragged about, and to be forced and compelled to go in and along divers public streets; to be imprisoned, restrained, confined in the County Jail, deprived of his liberty, and to be and remain in technical custody of the United States Marshal. The plaintiff alleged compensable injuries had been sustained by virtue of his wrongful imprisonment and claimed damages of $100,000.

To this complaint, defendants Gordon and Johnson each filed separate answers denying the material allegations thereof and asserting as a separate defense that the complaint failed to state a claim upon which relief could be granted. They also asserted affirmatively, non-liability because the acts complained of fell within the scope of their respective duties as Special Agent of the F.B.I. and Assistant United States Attorney.

Subsequently, defendants Gordon and Johnson filed their joint motion asking the Court to enter judgment on the pleadings in their behalf for the reasons: (1) That plaintiff's complaint failed to state a claim upon which relief could be granted, and (2) that the acts complained of fell within the scope of their official duties. This motion the District Court allowed on February 21, 1947, and dismissed the suit as to them.

. Paramount Pictures, Inc., and J. Harold Stevens by their answer generally denied the facts alleged in the complaint and alleged that plaintiff in some manner possessed himself of a print of the moving

picture "Going My Way", which he offered to sell to Paramount; that these defendants knew that a print of that picture was never sold but only licensed for exhibition; that plaintiff refused to explain to these defendants how he obtained the film; that they caused a report to be made to the Federal Bureau of Investigation who entirely on their own initiative took the plaintiff into their custody; that these defendants neither filed nor signed any complaint or criminal charge against the plaintiff, nor requested his arrest, nor caused his imprisonment.

Thereafter, on March 6, 1947, defendants Paramount and Stevens made their motion for summary judgment based upon (1) the pleadings, (2) the order dismissing defendants Gordon and Johnson, (3) the deposition, previously taken by the plaintiff of defendant Hugh F. Gordon and (4) the accompanying affidavit of J. Harold Stevens, which motion was allowed by the Court and summary judgment entered in favor of these defendants and against plaintiff on May 20, 1947.

The substance of the deposition of defendant Gordon is that he arrested Charles Fine, without a warrant, by prearrangement with defendant Stevens and the defendant Johnson. Stevens had advised Gordon that Fine had appeared at Paramount's Chicago office and offered to sell a film, "Going My Way", for a sum of money and Gordon agreed to keep the date and arrest Fine. The serial numbers of the bills to be paid Fine were listed by Stevens' secretary pursuing an arrangement previously worked out in detail by Gordon and Stevens so that the money would be seized from Fine for "potential evidence." At the appointed time Fine delivered the film, two hundred dollars was paid to him by Stevens, and both Fine and the money were seized by Gordon. At the time of the arrest, Fine stated he had obtained the film at the Salvage Department of the Railway Express Company. Thereafter Gordon had a conversation with one Foy, of the Railway Express Company, who confirmed Fine's statement. Stevens had told him a check had been made of the records in the Chicago office of Paramount and disclosed there was no such film known to be missing.

The deposition of Gordon was filed in the office of the Clerk on March 6, 1947, and was not before the court at the time Johnson and Gordon's motion for judgment on the pleadings was ruled on by the lower court.

By his affidavit, supporting the motion of Paramount and himself for summary judgment, Stevens affirmed that he was manager of the Chicago office of Paramount and that Charles Fine, on November 25, 1945, offered to sell him the film which Stevens knew was copyrighted by Paramount and to be subject only to lease or license; that Fine refused to explain his possession of the film; that Stevens reported Fine's offer to the F.B.I.; that Gordon called on him and directed him to obtain the film in the manner described by Gordon, which he did on December 7, 1945, at Paramount's office, whereupon Fine was taken into custody by Gordon; that neither Stevens nor any other agent of Paramount requested Gordon, Johnson or any other person to arrest Fine, to sign a complaint against him, to detain him, or to commence criminal proceedings against him.

The order of court granting summary judgment for the defendants Stevens and Paramount recites that its findings are based upon the said affidavit and a counter-affidavit which was not in the printed transcript but has since been supplied to this court. Counter-affiant, Charles Fine, asserts therein his rightful possession of the film in question, that he entered into an agreement with Paramount and Stevens for the delivery of such film and surrendered possession thereof to them; that it remained in their possession for one week for inspection and showing upon a screen; that Paramount and Stevens contrived to and did cause his arrest and detention and false prosecution, as deposed by Gordon. That they proceeded with his prosecution by coercing defendant Johnson to do so, who stated to affiant that whether or not the government had a case against him Paramount was exerting pressure upon him and that he would have to prosecute. Although the deposition of Gordon

is not mentioned in the order it was before the court and was referred to in the motion for summary judgment and the counter-affidavit and is expressly mentioned in the written memorandum of the District Court.

■ The complaint, although lacking in factual detail and artistry was sufficient in the absence of a motion addressed to its form or factual specification. It was denied by all the defendants. The affirmative defense of official employment and duty was one of avoidance which required no reply under the rules. The facts alleged affirmatively in the answer of Paramount and Stevens required no further pleading by plaintiff unless directed by the Court and were to be taken as denied. Rules 7 and 8, Federal Rules of Civil Procedure, 28 U.S.C.A. The mere fact that the defendant Johnson was an Assistant U. S. District Attorney, or the defendant Gordon was an agent of the F.B.I., would not per se establish the immunity of either of them from plaintiff's claim. Relief might be granted on such claim notwithstanding the nature of the employment of either or both of such defendants, unless, on the facts, they were acting lawfully in respect to the plaintiff in participating in or causing his arrest, continued imprisonment and prosecution. This could not be determined upon the pleadings.

■■ It appears that the plaintiff had entrusted the film to Paramount for a week's inspection prior to his arrest and during all of this time Stevens was in touch and a collaborator with Johnson and Gordon. According to Stevens, the entire idea for the alleged wrongful arrest originated other than with himself or Paramount, and according to Fine, all of the defendants were acting in concert or collaborating in his wrongful arrest, imprisonment and prosecution. The counter-affidavit of the plaintiff directly challenges the general assertions of Stevens' affidavit and the detailed facts presented by both affidavits and the deposition do not lead to an inevitable conclusion favorable to Paramount or Stevens. The record before this Court upon their motion for summary judgment does not necessarily induce the conclusion that Paramount and Stevens did not act as charged in the complaint or were excused therefrom. A reasonable mind might well determine when the controverted facts are fully considered by a jury, that there was controlling causation by the defendants Stevens and Paramount, in the wrongful imprisonment, restraint and prosecution of the plaintiff, wholly activated in the interest of Paramount and without sufficient provocation. It might also reasonably be inferred from the facts thus presented by the record that all of the defendants were acting in concert. The dismissal of the defendants Gordon and Johnson would not affect the liability of Paramount and Stevens in this respect. 62 Corpus Juris, 1130, 1131. The general Illinois law upon the subject is to be found in Glenn v. Lawrence, 280 Ill. 581, 117 N.E. 757.

From the fragmentary alleged facts appearing in the record and from the pleadings it appears that a clear issue of fact was raised between plaintiff and all defendants which plaintiff was entitled to have submitted to a jury. The situation called for neither a motion for judgment on the pleadings nor a motion for summary judgment.

■ It has already been noted that judgment was entered on the pleadings as to Gordon and Johnson on February 21, 1947, and that no appeal was taken from such order until August 19, 1947. The appeal from this order having been taken long after the three months period allowable at that time, deprives this Court of jurisdiction and we find ourselves without authority to award plaintiff any relief as to them. The question of jurisdiction was not presented in the written briefs or upon oral argument, yet it is nevertheless our duty to notice it. Plaintiff's appeal in reference to the Gordon and Johnson order is therefore dismissed.

The appeal from the order for summary judgment in favor of Paramount and Stevens being timely taken, this judgment is reversed and the cause is remanded to the District Court for further proceedings in respect to these defendants in conformity herewith.

A motion has been made by defendants Gordon and Johnson to strike certain portions of appellant's brief on the grounds that same contain scandalous, scurrilous, impertinent and irrelevant matter. On August 26, 1948 this motion was denied without prejudice to renew the same at the time of the hearing on the merits. The motion has now been renewed.

The statements referred to in the brief were utterly uncalled for and did not constitute any proper or legitimate argument on the questions before us. There is no question but that they were entirely irrelevant. Counsel for appellant seems to have taken the occasion to relieve himself of some pent up jumbled emotions that have no place in a legal argument. The brief would have been far more forceful without such statements and counsel in the future should adhere more closely to the ethics of the profession. Under the circumstances, however, we do not deem it necessary to allow the motion as the Court has, in the consideration of the case, completely disregarded such statements.