**Webster BIVENS, Plaintiff,**

v.

**6 UNKNOWN NAMED AGENTS OF the FEDERAL BUREAU OF NARCOTICS, Defendants.**

No. 67–C–655.

United States District Court
E. D. New York.

Nov. 24, 1967.

No appearance for plaintiff.

Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, for defendants, Ralph Bontempo, Asst. U. S. Atty., of counsel.

## MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The plaintiff moves for leave to appeal in forma pauperis from the order of this Court, dated October 9, 1967, dismissing the complaint for want of jurisdiction.

The said order was incorporated in the Court's memorandum of that date. Since that date, the Court has conducted further research and consideration of the cases, bearing upon the issue of law herein.

## THE PLAINTIFF'S CLAIM OF JURISDICTION

In his complaint, the plaintiff alleges:

"1. This Court has jurisdiction to entertain this complaint under the Civil Rights Act of 1871, Title 42 U.S.C., Section 1983, and Title 28 U.S.C., Sections 1331(a) and 1343(3) and (4).

"2. While acting under the colors and authority of the United States of America, six (6) Agents of the U. S. Narcotic Bureau, did violate plaintiff's constitutional rights, the facts are as follows. * * *"

In substance, the plaintiff alleges in his complaint that the defendants arrested him and instituted a search and seizure, without possessing warrants. He demands damages from each defendant in the sum of $15,000.

## THIS COURT HAS NO JURISDICTION OF THE PLAINTIFF'S ACTION UNDER 28 U.S.C. § 1343

In Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, certiorari denied in 368 U. S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59 the Court said:

"It will be noted that under this provision [28 U.S.C. 1343] a district court has jurisdiction only to the extent that civil actions to redress the rights referred to therein have been 'authorized by law.' It is therefore necessary to look elsewhere to ascertain what civil actions for the redress of these rights have been authorized by law."

## THIS COURT HAS NO JURISDICTION OF THE PLAINTIFF'S ACTION UNDER 42 U.S.C. § 1983 (FORMERLY 42 U.S.C. § 43)

As stated, the plaintiff alleged in his compaint that the defendants acted under the color of authority of the United States.

42 U.S.C. § 1983 confers jurisdiction upon the Federal Courts of suits against persons charged with depriving claimants of Constitutional rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory".

In Norton v. McShane, 5 Cir. (1964), 332 F.2d 855, the Court upheld the immunity of a number of Federal officials, including several United States Marshals,

**14**

sued for damages for false arrests. The Court said:

"As Judge Hand stated in the Gregoire case (referring to Gregoire v. Biddle, 177 F.2d 579, 2 Cir. 1949, cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363), Section 43 (the precursor of Section 1983) is so plainly limited to acts done under color of some state or territorial law or ordinance that no discussion can make it clearer than appears from its reading."

To the same effect is Jobson v. Henne, 355 F.2d 129 (2 Cir. 1966), wherein the Court stated:

"In suits brought under § 1983 an indispensable element of a plaintiff's case is a showing that the defendant (or defendants) acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State * * *.'"

## THIS COURT HAS NO JURISDICTION OF THE PLAINTIFF'S ACTION UNDER 28 U.S.C. § 1331(a)

■ 28 U.S.C. § 1331(a) provides as follows:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

To come within that section, the plaintiff must show that his action arises under the Constitution or laws of the United States.

As hereinabove stated, the plaintiff in his complaint alleges violation of his Constitutional rights, without designating the particular section or sections of the Constitution he relies upon. It would seem that he bases his claim upon the Fourth Amendment in that he alleges that the defendants conducted an unlawful search and seizure of his property. The said Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no War-

rants shall issue, but upon probable cause * * *."

A leading case is Bell v. Hood, 9 Cir. (1945), 150 F.2d 96. It appears therein that the plaintiff instiued his action against officers of the Federal Bureau of Investigation and a local policeman to recover damages for unlawful arrest, search and seizure in violation of the Fourth and Fifth Amendments and that the district court dismissed the complaint for want of jurisdiction.

The said Circuit Court, in affirming the order of the district held that the action did not arise under the Constitution or laws of the United States in the sense that Congress used that expression in 28 U.S.C. § 41 (the forerunner of 28 U.S.C. § 1331(a).

The Supreme Court granted certiorari, 326 U.S. 706, 66 S.Ct. 98, 90 L.Ed. 417. After hearing argument, the Court handed down an opinion, reported in 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, wherein it remanded the action to the District Court, stating, in part, as follows:

"Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. * * * Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

* * * * * *

"The issue of law is whether federal courts can grant money recovery for damages said to have been suffered as a result of federal officers violating the Fourth and Fifth Amendments. That question has never been specifically decided by this Court."

The opinion of the District Court on remand of the said action (Bell v. Hood) is reported in 71 F.Supp. 813 (1947). The Court therein said:

"History is clear that the first ten Amendments to the Constitution were adopted to secure certain common-law rights of the people against invasion by the Federal Government. * * * The right to be free from unreasonable searches and seizures is a common-law right. * * * Thus the Fourth Amendment did not create a new right, but merely gave a pre-existing common-law right constitutional protection from * * *ꞏ invasion by the Federal Government.

"Accordingly, the Fourth and Fifth Amendments do not limit state or individual action, but only federal action. * * * As was said in Feldman v. United States, 1944, 322 U.S. 487, 490, 64 S.Ct. 1082, 88 L.Ed. 1408 * * * 'for more than one hundred years * * * one of the settled principles of our Constitution has been that these Amendments protect only against invasion of civil liberties by the Government whose conduct they alone limit.' * * *

"As applied to the case at bar, then, the Fourth and Fifth Amendments only limit the authority of the defendants while acting as federal officers. * *

"The immunity of the Federal Government from suit extends to all federal officers and agents acting within the scope of their duties as such. * * *

"Whenever a federal officer or agent exceeds his authority, in so doing he no longer represents the Government and hence loses the protection of sovereign immunity from suit. * * *

"That is the theory upon which the complaint at bar proceeds. The defendants are sought to be held as individuals, not as federal officers. * * *

"Plaintiffs are unable to point to any constitutional provision or federal statute giving one who has suffered an unreasonable search and seizure or false imprisonment by federal officers any federal right or cause of action to recover damages from those officers as individuals. * * *

"A state statute cannot afford a remedy at bar for the reason that, absent diversity of citizenship, a cause arising under the law of a state may not be enforced in an action at law in a federal court. * * *

" 'Where, as here, neither the constitutional provision nor any act of Congress affords a remedy to any person, the mere assertion by a plaintiff that he is entitled to such a remedy' does not constitute a federal cause of action. Cf. Bell v. Hood, supra, 327 U.S. 685–686, 66 S.Ct. 778, 90 L.Ed. 939 * *. * * *

"Being of the opinion that neither the Constitution nor the statutes of the United States give rise to any cause of action in favor of plaintiffs upon the facts alleged, I hold that federal courts cannot now grant such recovery."

Gregoire v. Biddle, 177 F.2d 579, 2 Cir., 1949, cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363, is another leading case, widely cited.

In the first count of the complaint, the plaintiff charged the six defendants, all Federal officers, with false arrest and conspiracy to deprive him of his liberty and sought damages therefor.

Judge Learned Hand, writing for the court in Gregoire v. Biddle, supra, said:

"The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be

such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. For the foregoing reasons it was proper to dismiss the first count."

It is abundantly clear that no federal question is presented by the complaint.

The Court adheres to its prior ruling, dismissing the complaint on the merits. Under the circumstances, an appeal would be frivolous. The Court certifies that the appeal is not taken in good faith. Accordingly the motion for leave to appeal in forma pauperis is denied.

It is so ordered.

A copy hereof is being mailed to the plaintiff.