**William W. JONES, Plaintiff-Appellant,**

v.

**William PERRIGAN, Defendant-Appellee.**

**No. 71-1768.**

United States Court of Appeals, Sixth Circuit.

April 26, 1972.

William W. Jones, in Pro. Per.

Thomas F. Turley, Jr., U. S. Atty., J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., on brief for defendant-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and KINNEARY, District Judge.*

PHILLIPS, Chief Judge.

William Jones while in State custody was interviewed by FBI Agent William Perrigan. Upon his release on bond from incarceration under the State charges, Jones was arrested by Perrigan pursuant to Dyer Act arrest warrants allegedly procured by Perrigan by execution of perjured affidavits in support thereof. The Dyer Act charges were dismissed at preliminary hearings for want of probable cause.

* Honorable Joseph P. Kinneary, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

Jones initiated a pro se civil action against Perrigan seeking damages for alleged false imprisonment and malicious prosecution. The District Court dismissed the complaint for failure to state a claim upon which relief could be granted. The dismissal was on the ground that the facts alleged in the complaint come within the rule of immunity from civil liability of a public officer for any injury suffered as a result of acts having more or less connection with the general matters committed by law to the control and supervision of a public officer.

 We disagree with the basis of the decision of the District Court. As a matter of public policy, certain officials are absolutely immune from liability for acts committed within the scope of their office, even if the acts were corrupt or malicious. *See, e. g.,* Tenney v. Brandhove, 341 U.S. 367, 376–377, 71 S.Ct. 783, 95 L.Ed. 1019 (1951) (legislators); Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347–349, 20 L.Ed. 646 (1871) (judges). The immunity of law enforcement officers from false arrest liability is a qualified one, in the nature of an affirmative defense. Immunity is available only if the officer acted in good faith with probable cause. *See* Pierson v. Ray, 386 U.S. 547, 557–559, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). "This immunity of officers cannot fairly be enlarged without jeopardizing the privacy or security of the citizen." Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). The mere fact that Perrigan was an FBI agent does not per se establish his immunity from the claim of Jones. Fine v. Paramount Pictures, Inc., 171 F.2d 571, 574 (7th Cir. 1948).

 We are in agreement with the holding of the Second Circuit on remand in Bivens v. Six Unknown Named Agents, 456 F.2d 1339, 1341 (1972):

"We have concluded and now decide and hold that it is a principle of federal law that Agents of the Federal Bureau of Narcotics, and other federal police officers such as Agents of the FBI performing similar functions, while in the act of pursuing alleged violators of the narcotics laws or other criminal statutes, have no immunity to protect them from damage suits charging violations of constitutional rights. We further hold, however, that it is a valid defense to such charges to allege and prove that the federal agent or other federal police officer acted in the matter complained of in good faith and with a reasonable belief in the validity of the arrest and search and in the necessity for carrying out the arrest and search in the way the arrest was made and the search was conducted."

 Jones' complaint alleged that Perrigan acted "willfully, deliberately, wrongfully, knowingly, and illegally" and "without probable or reasonable cause." These allegations, "however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). *Accord,* Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389–390, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Whether the defense of qualified immunity is available cannot be determined appropriately from the pleadings. Fine v. Paramount Pictures, *supra,* 171 F.2d at 574.

 The District Judge denied Perrigan's motion to dismiss for want of subject matter jurisdiction. This court is required to consider independently the question of jurisdiction and dismiss on its own motion if jurisdiction is lacking. Mansfield C. & L. M. Ry. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Jones' sole jurisdictional allegation invokes 42 U.S.C. § 1983. This plainly is an incorrect basis for jurisdiction, since § 1983 is limited by its terms to the redress of actions under color of state law.

We hold that the court has no jurisdiction of this case under § 1983. However, the order of dismissal is vacated and the case is remanded for consideration of any amendments to the complaint

which may be offered under Rule 15, Fed.R.Civ.P. *See* 28 U.S.C. § 1331. Bivens, *supra,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619; Bell v. Hood, 327 U.S. 678, 681–682, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Vacated and remanded.

WEICK, Circuit Judge (dissenting).

In his order of dismissal the District Judge ruled that plaintiff's action against a federal agent was not within the scope of Section 1983, but could be maintained for violation of his Fourth Amendment rights, relying on Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] I do not understand that the Court questions the correctness of this ruling.

The defendant had filed a motion for summary judgment and supported it by his own affidavit and an affidavit of his superior. Both were Special Agents of the Federal Bureau of Investigation. Plaintiff had attached to his complaint a copy of the record of the United States Commissioner, which record included the complaints charging plaintiff with violations of the Dyer Act, the arrest warrants, and temporary commitment papers. It appeared from these affidavits that the complaints filed against Jones were authorized by the Assistant United States Attorney; the warrants were issued by the United States Commissioner, and were served by Perrigan. At all times Perrigan was acting within the line of his duties as a Special Agent of the FBI.

Instead of ruling on the motion for summary judgment, the District Judge applied the doctrine of official immunity and held that the complaint did not state a claim upon which relief could be granted. In his order the District Judge noted that the complaint contained allegations that were "conclusory, superfluous, scurrilous and other unnecessary."

Because of the affidavits and other papers, plaintiff "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is no genuine issue for trial." Rule 56(e) Fed.R.Civ.P.

Good faith is a defense to policemen, not only at common law, but under the Civil Rights Acts. The mere fact that the charges filed against plaintiff were dismissed by the United States Commissioner for want of probable cause, does not establish liability for false arrest and malicious prosecution. Pierson v. Ray, 386 U.S. 547, 555–557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). It ought not to establish liability of a Special Agent of the FBI.

Since the District Judge did not pass upon this issue, a remand of the case for an evidentiary hearing on the motion for summary judgment might result in disposition of the case on grounds other than immunity. This would avoid the necessity of our ruling on a very sensitive and controversial issue, particularly on authority which I believe to be tenuous.

The majority opinion relies on Fine v. Paramount Pictures, Inc., 171 F.2d 571 (7th Cir. 1948). The opinion of the Court in *Fine* does contain language, not supported by the citation of any authority, to the effect that the mere fact that defendants were an Assistant United States Attorney and a Special Agent of the FBI, did not per se establish immunity. This statement of the Court was

---

1. This decision by a divided Court created a new federal remedy which theretofore did not exist. The Supreme Court reversed a decision of the Second Circuit reported in 409 F.2d 718 (2d Cir. 1969), which affirmed a decision of the District Court reported in 276 F.Supp. 12 (E.D.N.Y.1967) dismissing the complaint for lack of jurisdiction and holding that the federal narcotics agents had official immunity. Since the Court of Appeals had not passed upon the issue of immunity, the case was remanded to the Court of Appeals for consideration of that issue.

wholly gratuitous since the Court later found that the appeal taken from the judgment of the District Court in favor of the Assistant United States Attorney and the Special Agent of the FBI was untimely, and the Court, sua sponte, dismissed the appeal for lack of jurisdiction. Thus the Court had no jurisdiction to rule on the subject of immunity.

Upon remand of *Bivens* to the Second Circuit to determine the issue of immunity of Narcotics Agents, that Court undertook to equate the liability of all federal agents, including Special Agents of the FBI, with the common law liability of state police officers, and denied immunity. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 456 F.2d 1339 (2d Cir., decided Mar. 8, 1972).[2]

Insofar as the Court's statements in *Bivens* related to Special Agents of the FBI, they were pure dicta. The same is true as to the quotation in this Court's opinion from Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

Special Agents of the FBI are college graduates, having earned degrees in either law or accounting. They are well trained. They have many discretionary and executive duties to perform. In my opinion, they have official immunity. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Estate of Burks v. Ross, 438 F.2d 230 (6th Cir. 1971), and cases therein cited.

Judges have granted themselves immunity. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871). Legislators have immunity, Art. I, § 6 Constitution of the United States; Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

The executive branch of the Government is coequal with the legislative and judicial branches. If it is good policy to provide immunity for legislators and judges, the same rule should extend to members of the executive department, which is charged with the duty of protection of not only the other two departments but also the public. It can hardly be said that only members of the executive department violate the constitutional rights of people. Legislators and judges also can violate the Constitution.[3]

We ought not to place a heavy burden on federal officers to defend themselves in the many frivolous suits which may be filed against them by prisoners. Mr. Justice Blackmun, in his dissent in *Bivens*, predicted an avalanche of such suits. Mr. Justice Black in his dissent said:

"There is a real danger that such suits might deter officials from the *proper* and honest performance of their duties."

I would affirm the judgment of the District Court, or in the alternative, remand the case for an evidentiary hearing on the motion for summary judgment, without this Court's ruling on the issue of immunity until necessary after such hearing has been conducted.

---

2. *Judge Lumbard concurred only in the result.*

3. See dissent of Mr. Justice Douglas in Pierson v. Ray, 386 U.S. 547, 558, 87 S.Ct. 1213, 18 L.Ed.2d 288, et seq., questioning judicial immunity.