774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Lynne Brown, Plaintiff-Appellant,
v.
George W. Wilson, Defendant-Appellee.
 No. 84-5020
 United States Court of Appeals, Sixth Circuit.
 9/27/85
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and KENNEDY, Circuit Judges; and WISEMAN, District Judge.*
 
 
 3
 This Kentucky State prisoner appeals from a district court judgment dismissing plaintiff's complaint filed under 42 U.S.C. Sec. 1983 as to one of two named defendants. The order is certified as an interlocutory appealable order under Rule 54(b), Federal Rules of Civil Procedure.
 
 
 4
 In his complaint, plaintiff alleged that he was required to sleep on a floor of a Jefferson County jail for nine days and then on a table for nine weeks before he was finally transferred to his present place of incarceration. Seeking damages, plaintiff sued the Secretary of Corrections for Jefferson County, Richard Frey, and the Secretary of Corrections for Kentucky, George W. Wilson, claiming that he was subjected to cruel and unusual punishment due to the overcrowded conditions of the Jefferson County jail.
 
 
 5
 Upon review of a motion to dismiss and the response submitted in relation thereto, the district court concluded that the plaintiff could prove no set of facts against the State defendant which could entitle him to relief because the Jefferson County jail is an independent county agency not under the auspices of the State Department of Corrections. Within ten days thereafter, the plaintiff filed a timely motion to alter or amend the judgment in which plaintiff repeated his request made in his earlier response for permission to amend his complaint to include appropriate allegations against the State Cabinet Official, or alternatively, an amendment to the judgment to provide that the dismissal be without prejudice. The motion to alter or amend was, however, summarily denied.
 
 
 6
 Upon review of the district court record in light of the arguments made by the parties in their respective appellate briefs, this Court concludes that the district court erred in denying plaintiff's requests for permission to amend his complaint. Upon review of the dismissal of a pro se plaintiff's complaint, the allegations of the complaint are generally taken to be true and the dismissal may be upheld only if it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) (per curiam); Hildebrand v. Bd. of Trustees of Mich. St. Univ., 607 F.2d 705, 709 (6th Cir. 1979); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Furthermore, amendments of complaints should be freely granted under Rule 15, Federal Rules of Civil Procedure, in the absence of undue delay, prejudice, futility or other compelling reason. Foman v. Davis, 371 U.S. 178, 182 (1962); Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982). Contrary to the appellee's assertions, a motion to alter or amend may also be used to seek permission to amend a complaint so it can state an alternative theory of recovery. Foman v. Davs, 371 U.S. at 182.
 
 
 7
 In the absence of any compelling reason to deny plaintiff's request to amend his complaint, it is clear in this case that the plaintiff should be allowed to proceed with his action against both defendants upon his filing of an amended complaint. See Jones v. Perrigan, 459 F.2d 81, 83-84 (6th Cir. 1972). The plaintiff's requests for an amendment were timely and they sought assertion of a theory of recovery which facially appears to state a cause of action. Under K.R.S. Sec. 441.075 (formerly Sec. 441.013), the Secretary of the Corrections Cabinet is given the affirmative duty to correct illegal conditions that may exist at 'any jail.' The Secretary is specifically empowered to order corrective measures in writing to any county jailer or county executive in order to remedy the illegality. K.R.S. Sec. 441.075(3). Despite the argument of independence made by the appellee, it plainly appears that the Corrections Cabinet does, indeed, have some supervisory control over the county jails which, if it is alleged to be abused, is actionable in federal court under 42 U.S.C. Sec. 1983. This is not to imply that the plaintiff can win his suit, however, as he still must submit proof of his claims and surmount the problem of defense immunity. See Spruytte v. Walters, 753 F.2d 498, 510-514 (6th Cir. 1985); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 105 S.Ct. 156 (1984); Banas v. Dempsey, 742 F.2d 277, 283-89 (6th Cir. 1984), cert. denied, 105 S.Ct. 1863 (1985). These problems, however, cannot justify dismissal upon review of the pleadings. Gomez v. Toledo, 446 U.S. 635 (1980); Jones v. Perrigan, supra.
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, vacated and this cause is hereby remanded for further consideration consistent with the above reasons. Rule 9(d)(4), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation